## SARAH E. GLYNN *vs.* MICHAEL GLYNN.

Cumberland.    Opinion December 21, 1900.

*Husband and Wife.    Divorce.    Minors.    Burden of Proof.*

A father who is himself without fault, in discharging the obligation which the law imposes upon him to support his infant child, has a right to furnish such support at his own home.

When it does not appear that he has failed, or is unwilling to there suitably provide for his child, a mother who without cause deserts her husband and willingly takes with her their minor child cannot maintain an action against the father for the support of such child furnished after a divorce obtained by him for desertion, no decree for the care, custody, or support of the child having been made.

In such case the burden is upon the plaintiff to show that there existed a necessity for furnishing the support, and that this necessity was occasioned by the defendant.

AGREED STATEMENT OF FACTS.

This was an action of assumpsit brought in Portland Municipal Court for the sum of forty-two dollars, on an account annexed in the writ for board, care and clothing of Mary E. Glynn the minor child of plaintiff and defendant from December 21, 1898, to June 1, 1899; writ dated June 10, 1899. The general issue was pleaded, and on July 25, 1899, judgment was rendered for plaintiff for the amount sued for. The defendant appealed to the Superior Court, where the parties agreed to the following facts, which were reported by the presiding justice to this court.

"It is admitted that Michael Glynn obtained a divorce from Sarah E. Glynn, on his own libel, at a term of the Supreme Judicial Court of the State of Maine, held at Portland within and

for the county of Cumberland, on the second Tuesday of October, A. D. 1898, for the cause of desertion:

"That in his said libel, it is admitted that said Michael Glynn did not ask for the care and custody of their minor child, Mary E. Glynn, or make any reference to said child:

"It is admitted that neither parent has ever petitioned for the care and custody of the person of said minor child, nor has there been any decree relating to the support and maintenance of said child:

"That at the time said Sarah E. Glynn left her husband, she willingly took with her said minor child, and that the said child has been with her and in her possession, in said Portland, ever since:

"It is admitted that the items of supplies were furnished to said minor by said Sarah E. Glynn according to the account annexed and the charges for the same are reasonable and proper."

*John B. Kehoe,* for plaintiff.

A father is bound to support his infant children. 2 Ken. Com. *191; 1 Chitty, Contr. 213; *Brow* v. *Brightman,* 136 Mass. 187; *State* v. *Smith,* 6 Maine, 462; *Garland* v. *Dover,* 19 Maine, 441.

A divorced wife may recover for support of children when their custody is not decreed to her. *Finch* v. *Finch,* 22 Conn. 411; *Hancock* v. *Merrick,* 10 Cush. 41; *Brow* v. *Brightman,* 136 Mass. 187; *Carlton* v. *Carlton,* 72 Maine, 115; *Webster* v. *Webster,* 58 Maine, 139; *Blake* v. *Blake,* 64 Maine, 177.

Irrespective of any statutory provision relating thereto, a father is bound by law to support his minor children; but it is otherwise with the mother during the life of the father.

The mother may maintain an action against the father for the necessary support of their minor children, furnished by her after a divorce a vinculo decreed to her for "desertion and want of support," no decree for custody or alimony having been made. *Gilley* v. *Gilley,* 79 Maine, 292.

It is a matter of common knowledge that a father is entitled by law to the services and earnings of his minor children. It is

equally well known that this right is founded upon the obligation which the law imposes upon him to nurture, support and educate them during infancy and early youth, and it continues until their maturity, when the law determines that they are capable of providing for themselves. *Benson* v. *Remington*, 2 Mass. 113; *Dawes* v. *Howard*, 4 Mass. 98; *Garland* v. *Dover*, 19 Maine, 441; 2 Kent's Com. *190 et seq; Schouler's Domestic Relations, 321.

The purpose of the statute of 1895, c. 43, § 1, was to confer on mothers more rights to the care and custody of their children, and not to add to the burdens of mothers. It was never the intention of the legislature to change the duty of supporting minor children, which had rested on the father for half a century. It does not apply to a case like this at bar, where the father and mother are divorced, but applies only to cases where the father and mother, though continuing in the marriage relation, are living apart. These observations also apply to stat. of 1895, c. 41, on which defendant also relies. That chapter relates to the appointment of guardians, and has no application to the case at bar.

Under the law, as it has always been decided in this State and in Mass. and under the circumstances of the case at bar, taking into account the actions of the father at the time of the divorce proceedings in totally ignoring even the existence of the child, his gross neglect to make any provision for its support since, the absence of any offer on his part to take the child and support it, and his continued abandonment of the child, all made it imperative that somebody should furnish it necessaries, for which he would be liable, on the ground of agency, at least; and there is no legal disability in the mother, or any legal or logical reason why he should not be as liable to her as to any other person furnishing such necessaries to his child.

*Charles J. Nichols and Levi Turner*, for defendant.

When *Gilley* v. *Gilley*, 79 Maine, 292, was decided, R. S., c. 67, § 3, declared that, the father was the natural guardian of the child if competent, in preference to the mother. That statute as amended by c. 41 of the public laws of 1895 reads: "The care of the

person and the education of the minor shall be jointly with the father and mother, if competent."

Again under the statute of 1895, c. 43, § 1, the father and mother jointly have the care and custody of the person of their minor child. These two amendments were in effect at the time plaintiff deserted her husband and willingly assumed the care of her child; and were in force at the time she furnished the supplies declared for in this case.

A divorced parent, where nothing is said as to the custody of minor children, having elected to exercise the rights given her by the new statute, logically and by legal intendment, must be as absolutely and completely bound to the support and maintenance of that child as if custody of the child had been specifically decreed to her in the divorce proceedings, as she is held to be bound to do in such cases as *Hall* v. *Greene*, 87 Maine, 122.

An action at law is not the proper form of procedure for the enforcement of these rights against him. The proper remedy for the plaintiff would be by application to the court in some subsequent proceeding in the original cause of the divorce. *Hall* v. *Green*, supra.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. In 1898 the defendant obtained a divorce from the plaintiff for desertion. At the time the plaintiff deserted her husband, she willingly took with her their minor child, who has since remained with her. This is an action of assumpsit to recover for the board, care and clothing of the child since the divorce. No decree has ever been made in the divorce proceedings in regard to the care, custody and support of the child.

Irrespective of any statutory provision the father is bound by law to support his minor child. *Gilley* v. *Gilley*, 79 Maine, 292. This however is a limited obligation; it does not attach to the father under all circumstances, or in favor of all persons. A minor who abandons his father's house without the father's fault carries

with him no credit on the father's account, not even for necessaries. *Weeks* v. *Merrow*, 40 Maine, 151. "When the authority of the parent is abjured, without any necessity occasioned by the parent, all obligations to provide for him," the child, "ceaseſ." *Angel* v. *McLellan*, 16 Mass. 27. Referring to the above language of Parker, C. J., the court in *Dodge* v. *Adams*, 19 Pick. 432, say: "It would be no less true, that where the child is induced by another person to leave the family of the father without any necessity for so doing, the person thus influencing him to leave, would, in case he should furnish supplies, have no cause of action against the father." It is necessary for the preservation of the parental authority and for the welfare of the child, that the father, who is himself without fault, in discharging the obligation which the law imposes upon him, should have the right to provide for the child under his own roof where he can exercise some judgment and supervision as to the wants of the child, and the character, cost and necessity of the supplies furnished.

In the case at bar the father was in no fault. He neither deserted his wife nor abandoned his child. There is no suggestion in the facts submitted that he did not treat them kindly, or that he failed to suitably provide for them at his own home. As between the parties in this case, it necessarily follows, from the fact that the divorce was granted to the husband for the desertion of his wife, that the plaintiff was in the wrong; that her act in abandoning her home and deserting her husband was without reasonable cause or justification and without the defendant's consent. There may be separation, but there cannot be desertion by consent. The word itself negatives such a proposition. It affirmatively appears, therefore, that the defendant did not consent to the plaintiff leaving him, and we cannot infer that he consented to the going from home of the child whom the plaintiff willingly took with her at that time. This case is here upon an agreement of facts by the parties, and we cannot assume or infer a fact which they have not agreed upon. *Trafton* v. *Hill*, 80 Maine, 503. Under such circumstances, the plaintiff stands in no better position than would an intermeddling stranger, who should induce a child to leave its father's home without his fault.

In *Gilley* v. *Gilley*, supra, cited and relied upon by the counsel for the plaintiff, the facts differed materially from the present case. There the father had not only deserted the plaintiff, who had obtained a divorce from him on that ground, but he had been absent from the State for many years prior to the decree, and had never returned or furnished any support whatever during the time, a virtual abandonment of his children. The opinion in that case is based upon the ground that a father who deserts his infant child, and makes no provision for its support, is liable to one who furnishes it with necessary supplies, citing *Dennis* v. *Clark*, 2 Cush. 352; *Reynolds* v. *Sweetser*, 15 Gray, 80; *Hall* v. *Weir*, 1 Allen, 261; and *Camerlin* v. *Palmer Co.*, 10 Allen, 539; that a divorce without a decree as to the custody and support of the children did not affect the father's duties and obligations, and that when the bond of matrimony was dissolved, the parties became as good as strangers. We have already seen that a stranger, under the circumstances presented by the case at bar, could not maintain an action against the father.

*Foss* v. *Hartwell*, 168 Mass. 66, was a case which in many respects closely resembles the one before us. The father had obtained a divorce from the mother for desertion without any decree being made as to the support or custody of their minor son. After the divorce the mother met the son on his way from school and took him to the home of the plaintiff, whom she had meanwhile married. Upon being asked by the father with whom he preferred to live the boy, who was then thirteen years of age, said he preferred to live with his mother. From this arrangement the father did not dissent, but the next day sent the boy's personal effects to him at the plaintiff's house. It was held that the plaintiff had no right without communicating with the father to look to him for the child's support. "All the cases cited show very plainly that, when the wife leaves without cause, taking her child with her, the fact that her husband does not attempt to compel her to give up the custody of the child does not of itself authorize her to bind him for its support" say the court in *Baldwin* v. *Foster*, 138 Mass. 449. True, in that case, there was evidence that the

father was able and willing to furnish the child with a suitable home, and to support it, and that he so notified the plaintiff, the maternal grandfather of the child. The agreed statement of facts in the present case is silent upon this point. The support of his minor children by the father is not only a legal obligation and a natural duty, but the dictates of humanity and the promptings of affection impel parents, whether fathers or mothers, to support and provide for their offspring. It is not to be presumed that the defendant neglected his duty, or was unwilling to perform it. *Trafton* v. *Hill*, supra. We quote once more, as applicable to the case at bar, from the opinion in the case of *Dodge* v. *Adams*, supra. "The plaintiff does not show that any necessity existed for his interference, any want of full and adequate provision for the children at the house of their father, or any facts tending to prove that it was necessary to maintain them elsewhere. So far as it appears in the case, they left without the consent of the father, and without any fault upon his part. . . . . The proof of such facts must come from the plaintiff. The burden is upon him to show that there existed a necessity for furnishing these supplies, and that this necessity was occasioned by the defendant."

It is not claimed by the counsel for the plaintiff that the mother, who has voluntarily assumed the exclusive custody of her child, has any greater right to maintain an action against the father for its support since the enactment of the laws of 1895, c. 43, § 1, than she had at common law. On the other hand, we do not find it necessary for the determination of this case to consider the question raised by the defendant that the statute along with the joint right to custody given, carried with it the joint duty of support, and that the mother, who exercises that right to the exclusion of the father, thereby assumes the sole responsibility for supplying the necessities of her child. Grave doubts may be entertained whether that statute was intended, under any circumstances, to add to the burdens of the mother; but upon this question we express no opinion.

*Judgment for the defendant.*