### GULLY v. GULLY. (No. 1525.)*

(Court of Civil Appeals of Texas. Texarkana. Jan. 28, 1916. On Petition for Rehearing, Feb. 17, 1916.)

1. DIVORCE ⬥324—LIABILITY OF PARENT TO MAINTAIN CHILD.

While a husband during marriage is liable for the support of his children as an accompaniment to his control over the family, yet as divorce emancipates the wife from her subordinate position and she has, under Rev. St. 1911, arts. 4068, 4069, an equal right with her husband to the guardianship of the children, and as article 4634 declares that the court pronouncing a decree of divorce shall also order a division of the estate of the parties in such a way as shall seem just, having regard for the rights of each party and their children, both parents are, after a divorce, liable to maintain minor children of the marriage.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 826; Dec. Dig. ⬥324.]

2. DIVORCE ⬥308 — ACTIONS — PARTITION OF PROPERTY.

While in granting a divorce the court may make necessary orders concerning the custody of the children, it cannot thereafter set apart, for the maintenance of the children, portions of the community property apportioned between the spouses.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 801, 802; Dec. Dig. ⬥308.]

---

**3. DIVORCE ⚖=324—MAINTENANCE OF CHILD —ACTIONS.**

Where a husband and wife were divorced, their property partitioned, and the custody of the children awarded to the wife, she is, having maintained the minor children, entitled to recover from her former husband one-half the cost of such maintenance.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 826; Dec. Dig. ⚖=324.]

On Petition for Rehearing.

**4. DIVORCE ⚖=308—DECREE—VALIDITY.**

In a statutory proceeding for divorce, the court has no power to make incidental decrees against the spouses in personam for payment of a monthly stipend for future support of minor children of the marriage.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 801, 802; Dec. Dig. ⚖=308.]

Hodges, J., dissenting in part.

Appeal from District Court, Panola County; W. C. Buford, Judge.

Action by Mrs. M. E. Gully against T. R. Gully. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

H. N. Nelson, of Carthage, for appellant. Young & Young, of Marshall, for appellee.

HODGES, J. This is a suit by Mrs. M. E. Gully, the appellee, against her former husband, to recover the value of necessaries supplied by her to the children of the marriage after a divorce had been granted.

The material facts as disclosed by the record are undisputed, and are substantially as follows: The appellant and the appellee had formerly been husband and wife. In October, 1912, a divorce was granted at the instance of the wife, who was also awarded the custody of seven minor children ranging in age from 2 to 18 years. The parties were possessed of considerable property, most of which belonged to the community. The decree of divorce provided for a partition of all the community property except a tract of 6.27 acres of land upon which the family resided, and the household and kitchen furniture. This was set apart to the wife for the use of herself and the minor children. The divorce decree also provided that the children should be supported jointly by the father and mother, and fixed the amount that each should contribute for that purpose at $50 per month. Upon the refusal of the appellant to make those payments the appellee filed a motion in the court which granted the divorce, asking for an order to sell certain portions of the community property which had been set aside to the husband, in order to satisfy the monthly installments which had matured up to that time. A judgment was rendered in her favor, but on appeal to this court was reversed upon the ground that the trial court in granting the divorce exceeded his powers in attempting to fix a personal liability in that manner against the divorced husband for the support of the children. See Gully v. Gully, 173 S. W. 1178. In March, 1915,

Mrs. Gully filed this suit, alleging, among other material facts, that she had supported and maintained the seven children since the granting of the divorce and had furnished them with such necessaries as their condition in life demanded, amounting in the aggregate to $4,100, and asked for a judgment reimbursing her for those expenditures. The case was tried before the court without a jury, and a judgment rendered in her favor for $2,957.70.

The principal ground here relied on for a reversal is that the facts were insufficient to support the judgment. The case made by both the pleadings and the evidence is not one where the father's credit has been pledged by the divorced wife or child for necessaries supplied to the child by some third party who owed it no duty, but is one where the divorced wife, possessed of ample means, after having supplied the children's wants, seeks reimbursement from her former husband upon the sole ground that the duty of supporting their children rests primarily upon him. We have not been referred to, nor have we been able to find, any cases in this state where this precise question has been decided. While the ruling made by this court on the former appeal is supported by other decisions in this state (see Gully v. Gully, supra, and cases there cited), that ruling furnishes no precedent for sustaining the judgment here appealed from. In other jurisdictions where similar controversies have arisen there is much diversity of opinion and considerable conflict in the conclusions announced. The greater number of those cases support the ruling of the trial court, holding that the divorced husband is liable to the wife under facts substantially the same as those disclosed in this case. Pretzinger v. Pretzinger, 45 Ohio, 452, 15 N. E. 471, 4 Am. St. Rep. 542; Fulton v. Fulton, 52 Ohio St. 229, 39 N. E. 729, 29 L. R. A. 678, 49 Am. St. Rep. 720; Riggs v. Riggs, 91 Kan. 593, 138 Pac. 628, Ann. Cas. 1915D, 809; Evans v. Evans, 125 Tenn. 112, 140 S. W. 745, Ann. Cas. 1913C, 294; Brown v. Brown, 132 Ga. 712, 64 S. E. 1092, 31 Am. St. Rep. 229. There are other cases, however, which hold to the contrary. Brow v. Brightman, 136 Mass. 187; Hall v. Green, 87 Me. 122, 32 Atl. 796, 47 Am. St. Rep. 311; Glynn v. Glynn, 94 Me. 465, 48 Atl. 105; Husband v. Husband, 67 Ind. 583, 33 Am. Rep. 107; Ramsey v. Ramsey, 121 Ind. 215, 23 N. E. 69, 6 L. R. A. 682; Hector v. Hector, 51 Wash. 434, 99 Pac. 13; Spade v. State, 44 Ind. App. 529, 89 N. E. 604. See the following for collation of cases: Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 114 Am. St. Rep. 695, 7 Ann. Cas. 901; Graham v. Graham, 38 Colo. 453, 88 Pac. 852, 8 L. R. A. (N. S.) 1270, 12 Ann. Cas. 137; Evans v. Evans, 125 Tenn. 112, 140 S. W. 745, Ann. Cas. 1913C, 294. How much of this diversity of opinion is due to local

statutory enactments we are unable to say. Doubtless in most, if not all, of the states where these controversies have arisen the Legislatures have made some special provisions which varied the common-law doctrine regarding the property rights of the husband and wife and their respective duties toward their children after divorce. It is apparent from the arguments used by some of those courts which permit the divorced wife to recover reimbursement for necessaries furnished by her that the ruling is predicated upon the assumption that relative status of the father and mother toward their children after separation is much the same as it was before; that the father still holds the superior right to their custody and control, and that the authority of the mother remains subordinate till the court granting the divorce provides otherwise. They treat the mother as occupying toward her children a relation similar to that of an interested collateral relative, whose rights are only secondary. Hence it was not illogical, in such instances, to hold that the father's financial duties and obligations remained the same. In the Pretzinger Case, referred to above, the wife separated from her husband on account of his misconduct, which furnished grounds, not only for the decree of divorce, but for awarding her the custody and control of the minor child. She was afterwards permitted to recover from the husband reimbursement for necessaries which she had furnished the child while in her care. In Fulton v. Fulton, supra, the same court, at a later date, in a similar controversy, denied the wife the right of recovery because in that instance the divorce had been granted on account of her misconduct, although she had been awarded the custody of the child. In undertaking to harmonize these rulings the court, in the Fulton Case, said:

"Where separation and divorce result from the misconduct of the husband, Pretzinger v. Pretzinger, 45 Ohio St. 452 [15 N. E. 471] 4 Am. St. Rep. 542, asserts the primary liability of the father, in a contest between him and the mother, and in such case, the right of the mother to recover against the father for such reasonable necessaries as she has furnished, is established. That case is grounded in the principle that, as the primary liability rests upon the father, he cannot, by his own misconduct, shift it to the mother. Dickman, J., saying in reference to the natural duty resting on parents to support their children, that: 'This natural duty is not to be evaded by the husband's so conducting himself as to render it necessary to dissolve the bonds of matrimony. * * * It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, * * * or to enable the father to convert his own misconduct into a shield against parental liability.' * * * Again: 'There is evidently no satisfactory reason for changing the rule of liability, when, through ill treatment, or other breach of marital obligation, the husband renders it necessary for a court of justice to divorce the wife, and commit to her the custody of her minor children.' Pretzinger v. Pretzinger, 45 Ohio St. 458 [15 N. E. 473] 4 Am. St. Rep. 542. In the case before the court, however, the wife was the aggressor, and it is this feature by which it is to be distinguished from Pretzinger v. Pretzinger, 45 Ohio St. 458 [15 N. E. 471] 4 Am. St. Rep. 542, for in that case the husband was in fault. It does not necessarily follow that because a father cannot, by his own misconduct, shift from himself to the mother his primary liability to support his minor children, that the mother cannot, by her misconduct, produce that result, at least to the extent of denying to her a right to recover against him for expenses she has incurred for necessaries for their support, in the absence of a request or promise by him in the premises. The contest is between the parents. By the law of nature, the responsibility of each for the birth of children is equal; the moral obligation of nurture, protection, and reasonable support bears upon each according to his or her capacity to afford it. Schouler, in referring to this obligation, says: 'This is said to rest upon a principle of common law; but perhaps it may be more reasonably referred to the implied obligation which parents assume in entering into wedlock and bringing children into the world.' Schouler's Domestic Relations."

According to these decisions, the rule to be observed in any given case is determined by who was responsible for the separation. If this resulted from the misconduct of the husband, his primary common-law liability for the support of the child continues; but if the wife was the guilty party and secures the custody of the child, she becomes primarily responsible for its support, and has no claim for assistance from the husband. It is not intimated that the legal status of the husband and wife toward each other after divorce is in any manner affected by what may have caused the separation; this altered status is the same, regardless of which was at fault. We shall now proceed to discuss the principle upon which these decisions rest, and to state what occurs to us as appropriate objections.

In justification of the rule it is said that to hold otherwise would permit the husband, in many instances, to profit by his own wrongful conduct; that he might abandon his wife, or by some form of cruelty cause a separation that results in a divorce and an order placing the custody of the child with the mother, and thus shift to her an obligation which the law had placed upon him. In every case where this doctrine is applied this argument is, in substance, repeated. In fact, it appears to be the only argument of any weight which is relied upon to support that rule. If the argument is applicable and sound, the rule is just; but if the argument is inapplicable, or unsound, the rule cannot be sustained. It will be noted that this method of testing the liability of the husband takes no account of the physical or financial condition of the divorced wife and mother, or of the welfare of the child. Her inability to alone assume the burden of supporting the child may be just as great, and the demands upon the husband for the welfare of the child may be just as pressing, in those cases where the fault lies at the door of the mother as where the father is to blame. But these considerations are pushed aside, and the sole question is: Whose misconduct brought on the condi-

tion? Hence the remark that children will not be permitted to suffer because of the dissensions of their parents has no application. If we may judge of the purpose of this rule by the conditions to which it is applied, it appears to have been designed more to punish a guilty husband than to aid a struggling wife or to provide for the welfare of the children. To say that the husband shall not, in those instances where he alone is responsible for the separation, escape his primary obligation to support his child concedes that but for his guilt the legal effect of being divorced and the loss of custody of the child would relieve him from that obligation. The inference is that when the law deprives him of the legal custody of his child it also relieves him of the primary duty of supporting the child, but that by reason of his wrongful conduct he is estopped from claiming such relief. Such an estoppel has its basis in the assumption that in all cases the pecuniary burden of supporting the children so far outweighs the value of their services and earnings and the benefits to be derived from their constant society and companionship that the net result of the altered situation is a gain to the father and a loss to the mother who secures the child. To so hold is to class the legitimate fruits of marriage as a curse, and not as a blessing. It is possible that instances may be found where the services of the children have no value, or where the father has fallen so low that he no longer has those normal instincts which long for the society and companionship of his offspring, and which finds a joy in the privilege of watching and directing their training and education. But the rule is not confined to that class of cases. It treats alike the refined and the depraved. It is not every husband who provokes his wife to sue for a divorce that is a degenerate man or an unloving father. The true history of such domestic discords is not always written in the court records, or disclosed upon the divorce trial.

Again, it is the common-law duty of the husband to support his wife. During the marriage relation this is just as imperative as the obligation to support the child. It would therefore seem logical that the rule of estoppel which prevents him from shifting one burden would for the same reason continue the other. This, however, is met with the reply that he may cease to be a husband, but does not cease to be a parent. The answer is more specious than logical; for the husband is estopped, by the rule referred to, not because he is a parent, but because he has been a bad husband, thus clearly showing that the ultimate purpose is to shield the wife, and not simply to provide for the child.

The application of the rule to particular cases is surrounded with such difficulties that it may often lead to the perpetration of wrongs as grievous as those which it seeks to avoid. Suits of this character in this state are not considered as continuations of the divorce proceeding, but are to be treated as ordinary actions for debt, and are to be governed by the rules of evidence applicable in such cases. In the trial of the issues an inquiry as to the conduct which caused the separation must be conclusively answered, either by the record in the divorce suit, or the trial court must reopen and try again the same questions upon which the divorce judgment is founded. The divorce record usually consists only of the pleadings of the parties and the decree of the court. To make these conclusive upon the defendant husband is to invoke an estoppel by judgment in order to sustain an estoppel in equity, thus making a harsh rule of law serve the purpose of supplying grounds for a liberal equitable rule. The unreliability of divorce judgments as evidence of all the facts which equity should consider in applying a rule of estoppel in such cases is too well known to need illustration. On the other hand, to reopen the old issues and publicly air the domestic troubles which led to the divorce suit every time the wife might have a cause of action for supplies furnished would often lead to deplorable consequences. The animosities which such a course would be calculated to keep alive, the criminations and recriminations which would be revived between parents, and in which the children must take a part, or witness as silent spectators, would yield a harvest of evil greater than that which the rule is designed to suppress. If such a rule could be confined to those extreme cases where penniless mothers were compelled by cruel fathers to assume the burden of supporting the common offspring, it would have much to commend it to our humane consideration. But, unfortunately, this cannot be done without the exercise of a judicial power which dispenses with all rules and substitutes the arbitrary discretion of the court. It seems to us that the test adopted in such cases is too remote, too variable and indeterminate to be received as a rule of law. The condition of the authorites on this subject is not such as to make the doctrine stare decisis, and we therefore feel at liberty to treat the question as still an open one.

[1] If the divorced husband is liable to his former wife in an action of this character, it is because, under circumstances which made it necessary, she has discharged a debt which was exclusively or primarily his. The law will imply a promise on his part to reimburse her only when she has done that which he was legally bound to do. But what warrant is there for saying that this duty to support the children after divorce and custody awarded to the wife is primarily that of the husband? There is no express statutory provision in this state which makes it so; neither is there any established rule of the common law which so grades the responsibility of the parents. Parentage is the real

basis of the obligation to support, and it will not be contended that the relation of father to child is superior to that of the mother. Neither, when considering the sum of all the duties and responsibilities inseparably connected with rearing a child from birth to maturity, is there any just ground for saying that the task which the laws of nature, if not those of the land, have imposed upon the mother is lighter than that laid upon the father. Under our statute, as well as at common law, the husband is, during marriage, exclusively liable for the pecuniary obligations incurred for the family support. The wife is liable only when she may contract to be bound, and then only for necessaries furnished to herself or children. But that class of necessaries which must be purchased, such as food and clothing, and the usual expenses which result from contracts, frequently constitute a comparatively small portion of what may properly fall within the term "necessaries." The ceaseless vigilance and constant care exacted of the mother are no less necessaries, essential to the welfare of the child; and they often make the greater burden. For wise reasons the law has never undertaken to make an exact partition of the parental duties. Except as to the pecuniary obligations incurred, these must be shared in common by the husband and wife; and, if one or the other becomes a defaulter, the consequences must be accepted as the common risk which all those who enter into the marriage relation assume.

The pecuniary liability of the husband during marriage is the logical accompaniment of his position as the head of the family and the authority which he may exercise. As a husband, he has the right to select the family domicile and change it at his pleasure, dictate how the family shall be maintained and the limit of the expenses which shall be incurred; he has exclusive control of the children, a right to their services and earnings, and may direct how and to what extent they shall be trained and educated; he has the exclusive management and control of his own separate property and that which belongs to the community, and until recently, in this state, he had also the exclusive control and management of the separate estate of his wife and the right to her personal earnings in any business calling she might enter. But when a divorce takes place he is stripped of this superior authority, the wife is emancipated from her subordination, and rehabilitated with all the rights of a feme sole. She then stands before the law as his equal as to all their personal and property rights, and may claim her interest in the common accumulations. She holds with him an equal right to the guardianship of their children. Rev. Civ. Stat. arts. 4068, 4069. There is then no just reason why she should not also share equally with the husband the burdens of supporting the children of the marriage, unless it be because she is a woman and he a man. But our laws recognize no such distinction. Women are not the favorites of the law. As regards her personal duties and legal obligations, a feme sole is governed by the same rules which apply to men. It will not be contended that after divorce the mother is absolved from any part of her obligations as a parent. The most that has been claimed is that her duties are secondary. If during marriage her obligation to do that which is necessary for the child's welfare is secondary only in that respect where her powers are subordinate, there is little justification for saying that her obligations remain secondary after her subordination ceases. Our statute seems to treat the property of the parents as being equally subject to appropriation for the use of the children after divorce. Article 4634 is as follows:

"The court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to real estate."

It has been held that under this statute the court decreeing the divorce may take all or any part of the common property, and even the separate property of either spouse, and set it apart for the use of the party to whom the custody of the children has been awarded. Rice v. Rice, 21 Tex. 58; Fitts v. Fitts, 14 Tex. 443. No distinction is made between the property of the husband and that of the wife in fixing this use; nor is there any suggestion that the court should be controlled in making this appropriation by the marital misconduct of either party. Here we have a clear legislative recognition of the equality of obligations of the parents to support their children. What right, then, has a court to say that they shall be unequal? or that one is primary, and the other secondary? We do not wish to be understood as holding that either the father or the mother ever ceases to be liable for the support of their children during minority. As between them and the children, or third parties who owe the children no duty, the parental obligation is unaffected by the divorce decree. If for any reason the legally appointed custodian should fail to provide the children with such necessaries as they had a right to demand, the credit of the other parent may be pledged to meet the need. Fowlkes v. Baker, 29 Tex. 135, 94 Am. Dec. 270. However, when the wife has supplied them, and there is no question of her ability to supply them in future, she has no more right to claim reimbursement from the husband than he would have to a claim upon her were their situations transposed.

[2] There is also in the petition of the appellee an alternative prayer, asking that in

the event she is not permitted to recover the reimbursement sought, certain portions of the community property awarded to the appellant in the divorce suit be set apart for the use of herself and the children. While the court granting the divorce retains the right to make such orders as may be necessary concerning the custody of the children, he has no further control over the property which has been partitioned between the husband and wife. He can afterward no more resort to this property than to property which had been subsequently accumulated by the husband. What was awarded to the appellant in that decree became his separate estate, to be disposed of in any manner he saw fit.

[3] Thus far the conclusions announced are unanimously agreed to by all the members of this court. But Chief Justice WILLSON and Associate Justice LEVY are of the opinion that after divorce the liability of the parents for the support of their children being equal, the one who has the exclusive custody and who furnishes the supplies may claim contribution from the other to the extent of one-half of the outlay made. The writer does not concur in that view, for reason hereafter stated.

In the first place, even if the principle of contribution should be applied in any event, the pleadings of this case are not such as to invoke that character of relief. This is but an ordinary action for reimbursement for the entire sum expended for necessaries, and no attempt is made to account for any of the revenues or benefits resulting from the exclusive custody of the children. Contribution, whenever applied, is an equitable doctrine, and its enforcement is conditioned upon an accounting by the party claiming it for all the common benefits enjoyed by him and which both may be entitled to share. It would seem inequitable to say that the custodian has the right to appropriate to her own use the entire value of the services which shall be utilized and made remunerative, and then claim reimbursement from the other without any accounting. As the case is presented on this appeal, the appellee is entitled to recover all of what she expended, or none.

My next objection applies to contribution as a policy of the law. Its enforcement, in cases of this kind, must necessarily give rise to the same unwholesome litigation between the divorced parents which makes suit for full reimbursements obnoxious, and I need not here repeat what has already been said upon that subject. The difficulties which obstruct a fair application of the rule are not to be overlooked. For what shall contribution be claimed? Is it to be limited to that which the custodian buys and pays for? or shall it include the value of all that which he or she supplies and which may be classed as necessaries? As previously stated, the food and clothing and expenses for which debts must be contracted are far from being all the necessaries essential to a child's welfare. To say that the right must be limited to those articles which require an expenditure of money is to adopt an arbitrary test, manifestly unjust in many instances. One parent may be willing to perform many of the essential duties, such as making the clothing, preparing the family meals, and nursing and attending the children during sickness or infancy; while others may elect to employ parties to perform those services. Yet such services constitute necessaries, regardless of who performs them. To limit the right of the industrious and frugal parent to what he or she may buy from others, either as services or food and clothing, and extend that of the less frugal and more indolent, is manifestly arbitrary and unjust. On the other hand, to say that the custodian may claim contribution for all the necessaries supplied, whether bought from others or resulting from his or her services, is to take the domestic management of the family out of the hands of the parent and place it under the supervision of courts and juries. For in every litigated case the defendant would have the right to a judicial determination, not only of the reasonableness of what was done, or furnished as necessaries, but of the value of the services of the children and of whether or not the children had been properly employed.

Still another barrier to contribution arises in this case from the judgment rendered in the original divorce suit. The court, acting upon that occasion by virtue of the statute previously quoted, did make an allowance to the appellee for the benefit of herself and the children. The extent of the allowance is, in such cases, limited only by the amount and value of the property within the jurisdiction of the court, and by what to him "shall seem just and right having due regard to the rights of each party and their children." Such allowances are evidently intended as an advanced contribution from the party whose property is subjected to use for the support of the children. Doubtless this provision in the law was made in order to prevent subsequent litigation between the parents, growing out of their joint obligation to support their children, and when applied in any case it should preclude the right of one who has been a party to the judgment from thereafter asking for further assistance. When both parties, together with their children and property, are before the court is the proper occasion for the adjustment of such controversies. If the judgment then rendered is not conclusive of the claim of one parent against the other for assistance, the one whose property is so taken is subjected to a double liability. For, as we have seen, ample provision for future needs may then be made. But if that judgment may be disregarded in a subsequent suit for reimbursement, there is no hindrance to collecting twice for the same necessaries.

In the absence of an appeal, or some complaint, we must assume that the provision made in this case by the court when the divorce was granted was sufficient. The fact that the court in the divorce suit also undertook to impose an illegal obligation does not affect the conclusiveness of the judgment which he had the authority to render. An examination of the cases which support the right of the mother to have reimbursement discloses significant reference to the fact that no provision had been made for the support of the children at the time the divorce was granted.

Again, after divorce, the right of custody of the children is equal; and when one parent is awarded that exclusive right, the legal effect is to deprive the other, not only of his or her right of custody, but of the further right to share in the benefits and revenues resulting from the services of the children. Such a decree is usually rendered at the special instance of the party who secures it, upon a representation and proof that he or she is both willing and able to bear alone the responsibility of supporting and maintaining the children. This would appear to be an assumption of whatever burden it carries. If the custodian should thereafter complain that the burden was too onerous, it may be answered that he or she voluntarily sought and secured the benefits to which the burden was inseparably attached. In the authorities previously cited it is generally held that the duty to support goes with the right of custody, as a result of the benefits and advantages thereby conferred.

If the duty to support the child rests upon parentage, the obligations of the parents being equal and independent of their financial condition, then the husband may, with equal propriety, claim contribution from the wife when he, having the custody, has supplied the required necessaries. The spectacle of a robust and wealthy father, who is raising his children in idleness, suing and securing a judgment for contribution against a penniless and decrepit mother, is alone enough to condemn the rule. Yet that situation is made possible if the principle announced by the majority of this court in this instance is to be upheld.

While the writer thinks the case should be reversed and a judgment here rendered in favor of the appellant, in obedience to the holding of the majority the judgment of the trial court will be reformed, and the recovery reduced to one-half the sum.

### On Petition for Rehearing.

LEVY, J. [4] It is believed by a majority of the court that the motion for rehearing should be overruled. Appellant urges that his divorced wife may not, in this case, recover of him the expenses, either all or one-half of same, incurred by her for the support of the minor children. There is comprehended in the judgment of the trial court the finding of fact, which has ample support in the evidence, that the money expended by the wife was for the supply of necessaries for the minor children and was confined to a reasonable amount. And it was proven that in the divorce proceedings the custody of the minor children was awarded to the wife. An incidental decree, it appears, undertook to make provision for the future support of the children against each of the parents through payment of a monthly stipend. It was proven, though, that upon appeal the incidental decree was held void and inoperative, upon the ground of lack of power in the court in a statutory proceeding for divorce to make incidental decrees against the parents in personam for payment of a monthly stipend in future support of their children. Gully v. Gully, 173 S. W. 1178. The decree, therefore, must be regarded, it is thought, as having, in legal effect, omitted to make any provision for the future support of the minor children of the marriage. And, in view of the facts, the principal question for decision is one of law, as to the effect of a decree giving custody of the children to the wife, yet omitting to provide for their support. Some of the cases rule that a divorce decree, awarding custody of the children to the mother, even though making no provision for their support, has the legal effect to relieve the father of liability for the reasonable support of the children while in the mother's custody. The majority of the cases, though, as stated by Justice HODGES, hold that where the decree of divorce makes no provision for the minor children, the father is not relieved of his obligation to support them, and the mother, who has the custody of the children, may recover from the father a reasonable sum for necessaries furnished. Pretzinger v. Pretzinger, 45 Ohio St. 452, 15 N. E. 471, 4 Am. St. Rep. 542; Evans v. Evans, 125 Tenn. 112, 140 S. W. 745, Ann. Cas. 1913C, 294; Brown v. Brown, 132 Ga. 712, 64 S. E. 1092, 131 Am. St. Rep. 229; Gilley v. Gilley, 79 Me. 292, 9 Atl. 623, 1 Am. St. Rep. 307; Ditmar v. Ditmar, 27 Wash. 13, 67 Pac. 353, 91 Am. St. Rep. 817; Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 114 Am. St. Rep. 695, 7 Ann. Cas. 901; Graham v. Graham, 38 Colo. 453, 88 Pac. 852, 8 L. R. A. (N. S.) 1270, 12 Ann. Cas. 137, and others. It is believed that the rule formulated in these cases cited above stands upon a correct legal principle, which is applicable and should govern the decision of the instant case. By the common law the parents were under legal obligation to support, protect, and educate their children. 1 Cooley's Blackstone (4th Ed.) p. 394; 2 Kent, Com. 191; 1 Parson, Con. 251, approved in Fowlkes v. Baker, 29 Tex. 135, 94 Am. Dec. 270. Divorce and separation of the parents do not, it must be admitted, operate and have effect to destroy the relation

of parent and child. And there is no statute which changes, after divorce and separation, the common-law rule respecting the obligation of the parents to support their children. Though by the common law the primary duty of providing this support was cast upon the husband during the marriage relation, it was only so because of the disabilities of coverture attaching to the wife. Yet the divorce operates to remove the disabilities of coverture, and consequently to cast and devolve joint and equal duties upon the parents thereafter respecting the support of their children, unless modified by the terms of the decree. And there is clear legislative recognition of the equality of the obligations of the parents after a divorce had been granted. The wife holds with the husband an equal right to the guardianship of the children. Article 4069, Vernon's Sayles' Stat. And no distinction is made between the property of the wife and husband in fixing liability for the support of the children. Article 4634, Vernon's Sayles' Stat.; Rice v. Rice, 21 Tex. 58; Fitts v. Fitts, 14 Tex. 443. And the simple fact that the mother has been awarded custody of the children does not, in legal principle, operate and have the effect to change this rule and relieve, by adjudication, the father of any further obligation of support on his part. Bemus v. Bemus, 133 S. W. 503. The chief consideration of her designation as custodian is the personal welfare of the minor children, and the right to this care and control of the children is the extent of the adjudication between the parents. There is not involved nor determined in such simple decree the question of liability of either parent, as between themselves or to third parties, for the future support of the minor children. Hence the decree awarding custody could not legally avail, in defense, as a plea of adjudication against further liability. Therefore, as the parents after divorce become jointly and equally obligated to reasonably maintain their children during nonage, and as the decree of custody in favor of the wife does not undertake nor legally operate to discharge their obligation by making provision for the children, it is not perceived upon what legal principle the father could predicate a plea in bar, or a want of any liability, or a defense of satisfaction and discharge, as a matter of law, of his part of the legal obligation. Payment or provision by the father, as a fact, is not involved in the instant case.

The mother and father after divorce being jointly and equally obligated to reasonably maintain their dependent children of nonage, the mother may not, in this case, it is believed, recover the whole of the expenses paid, but, having paid the whole of such expenses, may recover one-half thereof, which was the excess paid by her beyond her equal share. It is a familiar principle that when two persons are jointly and equally liable for the same debt, and one is compelled to pay the whole of it, he may have contribution from the other to obtain from him the payment of his due proportion or share. The right to contribution in the case of joint debtors depends on the fact of common indebtedness, and may be obtained on the basis of the amount actually expended is reasonably done. Pleading the facts, as appellee does, entitles her to recover what she may legally show herself entitled to, and such pleadings would not be insufficient to support a judgment for one-half of the sum sued for.

If it had appeared, which it did not, that a child was sufficiently earning its own support, it may be that the father could defend against liability for its support; for in that instance the earnings of the child, legally belonging to the parents, but collectible by the custodian, would be regarded as furnished jointly by the parents, and to that extent be an actual discharge of the obligation.

It is insisted by appellee that, as the custody of the minor children devolves upon the mother much personal care and attention that is of value in the maintenance of such children, such valuable services may be regarded as performance in kind of the mother's portion of the obligation of maintenance, and the father is only bearing with the mother the joint obligation of maintaining the minor children when he provides reasonably for their necessary support. Of course that contention pertains to the question of whether or not the recovery by appellee of the whole amount of the present judgment should be sustained. It is thought the present record does not sufficiently authorize the appellee to recover except one-half of the proven expenditures.

Motion overruled.