

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. 0-7020
                             Re: Classification of divorced
                                 wife for inheritance tax
                                 purposes.

Your request for opinion on the captioned subject has been given careful consideration by this department. The facts stated are, briefly, as follows: Decedent and his first wife, who had three children, were divorced some time ago, and a complete partition was had of their community property at that time. Since that time, both have remarried, and decedent in his will made substantial bequests to the former wife. The attorney for the divorced wife claims that she should be placed in Class A for inheritance tax purposes, as defined in Article 7118, and cites the following decisions in support of his contention: Lewis v. O'Hair, 130 SW(2) 379; American General Insurance Co. v. Richardson, 132 SW(2) 161; and Stringfellow v. State, 61 SW 719.

Article 7118, insofar as pertinent here, reads as follows:

"If passing to or for the use of husband or wife, or any direct lineal descendant of husband or wife, or any direct lineal descendant of the decedent, or to legally adopted child or children, or any direct lineal descendant of adopted child or children of the decedent, or to the husband of a daughter, or the wife of a son, the tax shall be one (1) per cent of any value in excess of Twenty-five Thousand Dollars ($25,000), etc."

The facts in the O'Hair case, 130 SW(2) 379, were these: Mrs. Hattie O'Hair, the party asserting the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard - Page 2

right to be placed in Class A, is the surviving wife (not having remarried) of Will O'Hair, who died in 1919. To them was born a son, who was living at the time of the trial. Will O'Hair was the son of H. J. and Mary O'Hair, who died in 1936 and 1937, respectively, each testate, and each leaving a bequest to Mrs. Hattie O'Hair.

The court, in deciding that this surviving wife should be placed in Class A, said:

"The trend of decision and legislation has been to give a liberal construction of and to liberalize the statute in the interest of those having some legitimate character of claim to the donor's bounty, and this regardless of whether there be a legal kinship by blood or marriage.

". . .

"In the generality of cases - - and in classifying for taxing purposes only the generality can be taken into account - - the considerations which would motivate a father - or mother-in-law to provide for the daughter-in-law would be at least as cogent after as before the death of the son. So also would be the considerations motivating legislative classification in this regard. These considerations are so obvious as not to require statement or elaboration.

"We think therefore the legislative intent to make no distinction between the wife of a living husband and the surviving wife of a deceased husband can be drawn from the article without doing violence to its language."

"The statute itself uses the expression wife in the sense of widow or surviving wife of the deceased. And this is not an uncommon use of wife, except when, contextually or otherwise, it is clear that it was intended to be used in its strict lexical meaning." (Emphasis added)

It cannot be questioned that the court arrived at a most desirable result, a result which had due regard for the equitable considerations of the case.

Hon. George H. Sheppard - Page 3

We do not feel that the case of American General Insurance Company v. Richardson is in point. That was a workmen's compensation case, and the question was whether the surviving wife of the deceased father of a deceased employee, who was not the mother of the employee, and who, after the death of the employee's father remarried, but was later divorced, was the stepmother of the employee within the meaning of Sec. 8a of Art. 8306, as amended in 1923. The 1923 amendment to Art. 8306 permitted the inclusion as beneficiaries thereunder "parents and stepmother, without regard to the question of dependency." In the face of such specific provision, the Court said:

">. . . We believe it was the legislative intent to place the stepmother in the same category in every respect as the mother in so far as concerns the benefits of the Act; and that for this purpose the relation was no more severed by death of the father in the one case than in the other. . . "

Nor do we feel that Stringfellow v. State can affect the question now before us. That was a murder case wherein one of the grounds of the motion for new trial challenged the competency of one Hanks, a juror. Hanks and the deceased had married first cousins; the wife of deceased had died some years prior to the trial, leaving two sons as issue. Of the affinal relationship, the Court said:

"Except for the issue resultant of the marriage between deceased and his wife, the death of said wife would have terminated the relationship. Under the authorities, it seems that by reason of the issue the relationship is extended beyond the death of the spouse. Under the law, as it is understood in this state, Hanks and deceased, by reason of their wives being first cousins, were related by affinity. . . . The contention by the state that the relationship ceased on the death of the wife of the deceased would be well taken in the absence of issue of the marriage; but as applied to this case the insistment is incorrect, because of the birth and surviving of the children

Hon. George H. Sheppard - Page 4

of the marriage. The proposition that the relationship exists by reason of the issue is supported by the weight of authority."

It can be seen readily that the rules of affinity and interest, leading to prejudice or possible prejudice of a juror in a murder case can have but little bearing upon the construction of a taxing statute, especially when the taxing statute is as specific as is the one before us.

Let us consider the effect of the divorce upon the relation of the decedent and his first wife in the case before us. It is said in 15 Tex. Jur. 560, sec. 93:

"In Texas, a decree of divorce is absolute from the date of its entry unless set aside or appealed from. It has the legal effect of conclusively establishing the status of the parties as single persons, operating, it has been said, in rem and terminating the marriage relation." (Emphasis added)

In Stuart v. Cole, 92 SW 1040, the court said that a decree of divorce "terminates the marriage relation."

Regarding the relative status of the father and mother toward their children after divorce, and the effect of divorce upon the status of the wife, the Court in Gully v. Gully, 184 SW 555, 559, said:

"When a divorce takes place he (the father) is stripped of this superior authority, the wife is emancipated from her subordination, and rehabilitated with all the rights of a feme sole."(Emphasis ours)

In Shook v. Shook, 145 SW 682, which was a dispute between divorced parents over responsibility for support of children, and the status of the parents, the Court said:

"After the rendition of the judgment for divorce, J. O. Shook's status was that of an unmarried man, the relation with his wife having been severed, and she then constituted no part of his family."

Hon. George H. Sheppard - Page 5

The existence of issue, vel non, has no bearing whatever upon the finality of a decree of divorce. The divorced wife thereafter is a feme sole, is no part of the family of the husband, has no obligation to him, nor has he any obligation to her. Both are single persons for all purposes. The questions of issue, or liability for support of the issue, have no bearing on the case before us.

Under these authorities, the divorced wife is not a person "having some legitimate character of claim to the donor's bounty", and consequently there is no occasion for a liberal construction of Article 7118, assuming arguendo that there is room for construction of the meaning of "wife", to attempt to include the former wife within the classification therein provided for. A divorced wife cannot be included within the designation "wife" without doing violence to the language of the statute and to the legislative intent. It is the opinion of this department, therefore, that the divorced wife properly should be classified as such "other person" referred to in Article 7122, and that she is subject to the provisions thereof.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Arthur L. Moller*

Arthur L. Moller
Assistant

ALM:vwb



