## W. L. LIGON, JR., v. CARIBEL LIGON.

### Decided May 10, 1905.

**1.—Divorce—Community Property—Damages for Personal Injury.**

Where in a suit by the wife for divorce, which was granted, it was found that the parties had no community property, unless it was a claim by the husband for personal injuries received by him after he and the wife had separated by agreement, it was not error for the court to treat such claim as community property and adjudge to the wife a one-half interest therein.

**2.—Same—Allowance for Support of Child.**

It was error, however, for the court to enter an order requiring the husband to pay to the wife, who was awarded the custody of their child, a stated sum monthly for its support, such payments to continue until the child should marry or attain majority, since the statutory power of the court in this respect is limited to making such provision for the children pendente lite (Rev. Stats., art. 2987), and in the final decree it can make such provision only out of the property of the parties. Rev. Stats., art. 2980.

**3.—Same—Statute Controls—Liability of Father for Child's Support.**

The power of the court in divorce matters is limited by and dependent on the statute, but the liability of the father for necessaries for his children continues after the divorce is granted, and may be enforced in the ordinary methods.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*John W. Wray*, for appellant.—The court was without jurisdiction or power to render a judgment in favor of appellee, and against appellant, for the sum of $12.50 per month for the future support of the minor child (Rev. Stats., arts. 2980, 2987) ; and the amount was grossly excessive in view of the father's want of means and his prospects in life. Pape v. Pape, 35 S. W. Rep., 480. In Tiffany on Persons and Domestic Relations, sec. 116, the author says: Where the custody of a

child is given to the mother, the judgment carries the obligation of support for the child.

*Ledgerwood & Kassel,* for appellee.—1. A permanent separation between husband and wife, through his fault, does not deprive her of any right she would otherwise have had in his, her or their property. Rev. Stats., art. 2968; Routh v. Routh, 57 Texas, 589; Speer, Law of Married Women, sec. 177.

2. After full investigation as to the faculties of the father, the needs of the child and the property to be disposed of, the court, having all the parties before it, had the power to decree the payment to the wife by the father of a reasonable sum per month for the support of the child. Rev. Stats., secs. 2980, 2987; Schultze. v. Schultze, 66 S. W. Rep., 56; Shannon v. Shannon, 71 S. W. Rep., 104; Parsons v. Parsons, 62 S. W. Rep., 719; Wetmore v. Markoe, 25 Sup. Ct. Rep., —; 2 Bishop, Mar., Div. & S., secs. 1020, 1212; Stewart, Mar. & Div., sec. 407.

JAMES, CHIEF JUSTICE.—The judgment rendered in June, 1904, was in favor of appellee for a divorce, for the custody of the child, and it further orders that appellant pay to appellee, for the support of the child, the sum of twelve dollars and fifty cents per month, "such payments to begin as soon as defendant shall be sufficiently restored to health to resume work, and to continue until said child shall attain majority or marry, for which execution may issue as said sums accrue." The judgment adjudicated further, that there is no community estate of plaintiff and defendant except a cause of action against the St. Louis & Southwestern Railway Company of Texas, for personal injuries sustained by defendant while in the service of said railway company as a brakeman upon one of its trains, and that an undivided one-half interest in said cause of action be set apart to plaintiff, in her own right, and the other half interest therein be set apart to defendant.

The court found that plaintiff and defendant were incompatible in temperament, and separated on July 8, 1903, with the intention of never living together as man and wife, and in pursuance of such determination, and with the grounds existing for a separation, plaintiff instituted this suit, and prosecuted the same to a successful termination; that defendant received the injury above referred to after that date, and has remained incapacitated, and will be incapacitated from labor until July 1, 1904, at which time it is thought he may return to work; and that he has no property of any kind except said claim on account of personal injuries.

The divorce is not questioned here. The assignments of error question the correctness of the holding that the said cause of action was community property, and the correctness of the judgment for said monthly allowance. On the first of the questions we hold there was no error. On the second we think there was error. It is our opinion that our statute regulating divorce does not contemplate the making of such an order. The subject of divorce is a matter of statute, and in such proceedings the authority for the order must be found, at least by implication, in the statute itself. We see in it authority for annulling the

relation of man and wife, for a division of the property, and disposition of the property of both persons, having due regard to their rights and their children, except divestiture of title; and by article 2987, authority for disposing of the custody of the children as between the parties. These are the subjects which the District Court may rightfully adjudicate by its decree. The same article concludes: "And, in the meantime, to issue any injunction or make any order that the safety or well-being of any such children may require." The power conferred by this clause to make provision for the children was for exercise *pendente lite,* as is clear from the use of the words "in the meantime."

The only authority, we think, for making provision for the children in the final decree in such a case, is in the general power given in article 2980, which does not go further than to authorize the court to do so out of the property of the parties.

The case of Schultze v. Schultze (66 S. W. Rep., 56) did not involve the question. There such an order had been entered, but it had not been appealed from, and it was held it could not be collaterally attacked. A husband may agree to the entry of such a judgment against himself, or, if rendered *in invitum,* he may allow it to stand and have effect as a judgment by not appealing from it. Here the order is the subject of direct appeal. The liability of the father for necessaries for his children continue to exist after the divorce, and, if he should fail to perform his duty in this respect, it is believed the Legislature considered the enforcement of his liability by ordinary methods to be sufficient and more expedient.

We conclude that the judgment for allowance should be set aside as error, and, as thus reformed, the judgment will be affirmed.

*Reformed and affirmed.*