### J. J. BOND v. MARY BOND.

Decided December 9, 1905.

**1.—Divorce—Alimony.**

There is no such thing as permanent alimony in this State.

**2.—Same—Support of Minor Children—Liability of Father.**

The father is primarily liable for the support of his minor children, and this liability continues, notwithstanding a decree of divorce between the parents.

**3.—Same—Decree of Court—Monthly Allowance.**

The court granting a decree of divorce has no authority to award a monthly allowance to a minor child of the parties.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*J. T. Ranspot* and *W. H. Penix,* for appellant.—The courts of this State are without authority to decree a permanent monthly allowance to a child in a divorce proceeding, against the father, for a long series of years, when the care and custody of the said child has been awarded to its mother. Pape v. Pape, 35 S. W. Rep., 479; Ex parte Ellis, 40 S. W. Rep., 275; Ex parte Gerrish, 57 S. W. Rep., 1123; Lignon v. Lignon, 87 S. W. Rep., 838.

*W. P. Gibbs* and *Albert Stevenson,* for appellee.—The court had the

power to decree a monthly allowance for the support of the child and did not err in submitting the question of the proper amount to the jury. Boyd v. Boyd, 54 S. W. Rep., 380; Schultze v. Schultze, 66 S. W. Rep., 56; Fitts v. Fitts, 14 Texas, 444, 454; DeFee v. DeFee, 51 S. W. Rep., 274.

SPEER, Associate Justice.—This is an appeal from a judgment dissolving the bonds of matrimony between appellant and appellee, not complaining of the decree of divorce, however, but an incidental decree awarding to Alice Ione Bond, the only child of the parties to this appeal, the sum of $5 per month for support, maintenance and education until she shall arrive at the age of eighteen years.

Article 2980, Sayles' Civil Statutes, directs the manner of the disposition of the property upon a decree of divorce, and is as follows: "The court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to real estate." Article 2985 provides, "Pending any suit for a divorce, the court or the judge thereof, may make such temporary orders respecting the property and parties as may be deemed necessary and equitable," and the succeeding article that, "if the wife, whether complainant or defendant, has not sufficient income for her maintenance during the pendency of a suit for divorce, the judge may, either in term time or vacation, after due notice, allow her a sum for her support in proportion to the means of the husband, until a final decree shall be made in the case." Article 2987 provides: "The courts aforesaid shall have power in all cases of separation between man and wife to give the custody and education of the children to either father or mother, as to the court shall seem right and proper, having regard to the prudence and ability of the parents and the age and sex of the child or children, to be determined and decided on the petition of either party; and in the meantime to issue any injunction or make any order that the safety and well-being of any such children may require."

These articles confer all the power which the District Court may exercise in making provision for the support of the children upon dissolution of the marriage relation. The allowance can not be treated as alimony to the wife, because by the very terms of the article quoted, such an allowance continues only until a final decree shall be made in the case. There is no such thing in this State as permanent alimony. Pape v. Pape, 13 Texas Civ. App., 99, 35 S. W. Rep., 479; Ex parte Ellis, 37 Texas Crim. Rep., 539, 40 S. W. Rep., 275; Ex parte Gerrish, 57 S. W. Rep., 1123; Boyd v. Boyd, 22 Texas Civ. App., 200, 54 S. W. Rep., 380; Speer, Law of Married Women, par. 357-9. Article 2980 seems more nearly to authorize such a judgment than any other, but an examination of it will show that the rights of the children of the union ought to be conserved, not by a fixed charge against either the father or mother, but in the division of the estate of the parties. The father is primarily liable for the support of his children during

their infancy, and this liability continues, notwithstanding a decree of divorce between the parents of such children, and since our statutes do not undertake to fix any liabilities beyond this general liability upon a dissolution of the marriage relation, the order of the court should not do so. We have found no authority in this State which would authorize such a decree. See authorities above cited. Also Lignon v. Lignon, 87 S. W. Rep., 838. It is therefore ordered that insofar as the judgment requires appellant to pay the sum of $5 per month for the support of his infant, the same is reversed and here rendered in his favor. The decree of divorce is not attacked and is in no manner disturbed.

*Reversed and rendered in part and affirmed in part.*