MARTIN v. MARTIN.

(Court of Civil Appeals of Texas. El Paso. May 16, 1912. On Motion for Rehearing, June 5, 1912.)

DIVORCE (§ 306*) — ALIMONY—SUPPORT OF CHILD.

The court has no power, statutory or otherwise, upon granting a wife a divorce, to award alimony to the wife for the support of a child, whether it be temporary in its nature, or without any condition that the child shall live.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 798; Dec. Dig. § 306.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Suit by Homer B. Martin against Grace Martin, in which defendant filed a cross-bill. From a judgment for defendant on her cross-bill, plaintiff appeals. Reformed and affirmed.

Stanton & Weeks, of El Paso, for appellant. Coldwell & Sweeney, of El Paso, for appellee.

PETICOLAS, J. This was a divorce suit by the husband, Homer B. Martin, against the wife, Grace Martin, and she answered by general demurrer, general denial, and by cross-action, praying that the plaintiff be refused a divorce, and that she, the defendant, be granted a divorce, praying that she be allowed $100 as attorney's fees, and that she have judgment against Homer B. Martin for the sum of $15 per month until their minor child should become of age. The trial court refused a divorce to the plaintiff, granted a divorce to the defendant on her cross-bill, rendered judgment for her for $50 attorney's fees, and rendered judgment for her and against Homer B. Martin for the sum of $8 per month until their minor child should become of age.

In presentation of the case before this court, appellant abandons his assignment which questioned the correctness of the court's judgment in granting a divorce to Grace Martin, and also abandons his assignment that the court erred in rendering judgment in favor of the wife against the husband, for attorney's fee. Therefore we do not consider those questions. The assignment that the court erred in awarding the sum of $8 a month to the wife for a period of years is sustained. See Ligon v. Ligon, 39 Tex. Civ. App. 392, 87 S. W. 838; Bond v. Bond, 41 Tex. Civ. App. 129, 90 S. W. 1128; Barry v. Barry, 131 S. W. 1142.

It is very strenuously contended by appellee's counsel that these decisions are unsound; that as the Constitution vests the

jurisdiction of divorce cases in a district court, and as that court has the power to award the custody of the children to either spouse and to divide the property between them, it follows that it must necessarily have power to make a provision for the support and maintenance of the child during its minority by awarding a judgment against the husband in favor of the wife for that purpose. In this connection, however, it may be said that the record in this case does not show that the judgment in favor of the wife for the support of the child is conditioned in any way on the life of the child. Therefore the exact question we have before us is whether an award of this kind, in its nature permanent, can be made to the wife. But whether we construe the judgment as being in favor of the wife for the support of the child, without any condition that the child shall live, or construe it simply as an award of more than temporary alimony to the wife, it has been definitely decided in the cases cited that it cannot validly be done. We may say, also, that, in addition to the persuasive force of the decisions of the other courts of appeals above noted, the reasoning upon which said cases are determined commends itself to our judgment, and we agree with it. As we read those decisions, they do not hold that the child cannot recover of the father, under circumstances like these, for its support and maintenance, notwithstanding the divorce, but simply that there has been no provision made in the statute authorizing a district court to make such an award in a divorce case, and that, as divorce is the creature of statute, the power given the district court in reference thereto comes from the statute, and, there being no such power as is here exercised, the exercise of it is invalid.

For the reasons indicated, the judgment of the lower court will be reformed as to so much of it as awarded judgment to the wife for the sum of $8 per month, and here rendered in favor of the appellant to that extent. The remaining portion of the judgment will be affirmed.

As appellant has been forced to appeal to this court to obtain relief against the portion of the judgment indicated, costs of the appeal will be taxed against the appellee.

Reformed and affirmed.

### On Motion for Rehearing.

In our original opinion in this case the writer made the statement that the record did not show that the judgment in favor of the wife for the support of the child is conditioned in any way on the life of the child.

In motion for rehearing appellee calls our attention to the fact that this statement is not borne out by the record, and an examination of the record shows that the judgment awarded the wife $8 per month during the life of the child until he shall obtain the age of 16 years. We naturally desire, therefore, to correct the statement made in the original opinion. In this connection, however, the writer does not desire to shoulder more than his share of the erroneous statement adverted to. In appellant's brief the following is taken from the statement of the nature and result of the suit: "And further rendered judgment in favor of said Grace Martin and against said Homer B. Martin for the sum of $8 per month until their said minor child, Jack Martin, should become 16 years of age." In appellee's brief the following statement is made: "Appellee adopts appellant's statement of the nature and result of the suit, with the addition that appellee in her cross-bill prayed for the custody of Jack Martin, the child of the marriage, and the court in its judgment awarded her custody of such child." It will be seen, therefore, that the erroneous statement made in the opinion was directly attributable to our reliance upon appellee's agreement in her brief that appellant's statement of the nature and result of the case was correct. We would be at liberty under these conditions, we think, not to correct the erroneous statement and to hold counsel strictly to what they have stated in their brief, but as it makes no difference in the result of the case, and as counsel seem to desire the correction, the explanation above set out is given. In our original opinion we also said: "But whether we construe the judgment as being in favor of the wife for the support of the child without any condition that the child shall live, or construe it simply as an award of more than temporary alimony to the wife, it has been definitely decided in the cases cited that it cannot validly be done."

Counsel also request that we retax the costs which were taxed against the appellee, upon the theory that, this being a divorce suit and the expenses of this litigation being necessaries, the costs should be paid by the husband, because until the case is finally decided the parties are still husband and wife. We are not willing to decide that this is a sound proposition of law, and make no decision as to whether it is or not, but, as a matter of discretion, we feel inclined to exercise the discretion and to tax the costs of the appeal against the appellant, and it is accordingly so ordered.

The motion for rehearing in all other particulars is overruled.