GULLY v. GULLY. (No. 1403.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 15, 1915. Rehearing Denied March 4, 1915.)

DIVORCE ⬦⟲308—MAINTENANCE OF CHILDREN —JUDGMENT IN PERSONAM—JURISDICTION.

The district court, authorized by Rev. St. 1911, art. 4634, to divide community property of divorced parties with reference to their condition and the support of the children, and authorized by article 4641 to award the custody of children, had no jurisdiction to make an incidental decree in personam against a parent for payment of a monthly stipend for the future support of his children and to make it a charge against the community property set aside to such parent.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 801, 802; Dec. Dig. ⬦⟲308.]

Error from District Court, Panola County; W. C. Buford, Judge.

After final decree in divorce proceedings between herself and T. R. Gully, Mrs. M. E. Gully moves for an order of sale of defendant's property. Judgment for plaintiff, and defendant brings error. Reversed, and suit dismissed.

On January 16, 1914, Mrs. M. E. Gully filed in the district court a motion averring that in a final decree entered April 4, 1913, in divorce proceedings between herself and husband, she was awarded the custody of the seven minor children of the marriage, and the award of custody expressly provided that the future support, maintenance, and education of the children should be jointly provided and paid for by both their mother and father, and the amount thereof was fixed at $100 per month, payable $50 each on the 4th day of every month. The division of the estate of the husband and wife, it is averred, was ordered in the decree, and the husband received a large and valuable property in separate and community realty, and the allowances payable to the children were made a charge and lien against the community property respectively set aside to each of their parents. After the decree, and after taking possession of the property set aside to him, the husband, it is averred, collected and received rents and revenues therefrom, but failed and refused after demand to pay his proportion of the allowance or to contribute any sum to the support and maintenance of the children. It is further averred that the mother was required to entirely support the children out of her own means, and that she has expended for their maintenance the allowance of $100 per month from the date of the decree of custody to the filing of this petition, amounting to the total sum of $1,200. The prayer of the petition was for citation on the defendant, and for an order of sale against the specific property set aside to the defendant in the decree of April 4, 1913, as his part of the community property, to satisfy the amount unpaid upon the allowance by the father amounting to $600, and further for an order providing in terms for an order of sale of the defendant's part of the community property set aside to him in the decree of April 4, 1913, as the defendant may refuse to pay the fixed allowance provided against him in the decree. The defendant in the motion was served in person with a citation on January 16, 1914. At the ensuing term of the court, and on March 31, 1914, the court heard the case and entered a judgment thereon. After stating the appearance of the parties, the judgment recites that the court finds that the defendant owes to the plaintiff the sum of $600 under the terms of the decree entered on April 4, 1913, and then adjudges a recovery against him for the $600 and awards execution therefor, and further awards an order of sale of that part of the community property set aside to him in the decree of April 4, 1913, to pay the sum of $600. The judgment further recites that this judgment shall be without prejudice to future enforcement of the decree of April 4, 1913, as allowances may accrue and be unpaid. The defendant in this judgment sues out a writ of error to this court, asking it to be reviewed and set aside on the errors assigned.

H. N. Nelson, of Carthage, for plaintiff in error. Young & Abney, of Marshall, for defendant in error.

LEVY, J. (after stating the facts as above). By the second and third assignments of error it is contended that the incidental decree of April 4, 1913, entered in the divorce proceed-

ings, upon which Mrs. Gully solely predicated her right for relief in the instant suit, was legally void and inoperative, and therefore the court was without jurisdiction over the subject-matter pleaded to grant the relief of the present judgment of March 31, 1914, appealed from. We therefore review the averments of the motion as in the nature of a general demurrer. It is thought that the petition or motion sues upon the incidental decree entered on April 4, 1913, in a divorce proceeding, with the object of having its terms carried into effect by order of sale. In granting a divorce, the court may make such division, at least of the community property, in reference to the condition of the parties, and support and education of the children, as may be equitable and just. Article 4634, R. S. The court, as appears from the averments, made such division of the community property as to him seemed proper, and ordered it set aside and delivered to the separate possession of each party; and the custody of the children was, it appears, awarded to the mother, as the court had authority to do. Article 4641, R. S. But in respect to the future maintenance of the children the court, it is averred, directed the payment by each parent of a monthly stipend, and made it a charge or lien on the respective community property set aside to each parent; and the very question here is as to the authority of the court to make this character of provision for the children as averred in the motion. If the court lacked the power to enter an incidental decree at all of the character in question in a divorce case, it would be void and inoperative, and consequently the instant proceedings to enforce its terms could not be legally maintained.

In appeal direct from similar incidental decrees they have been held void and inoperative upon the ground of lack of power in the court in a statutory proceeding for divorce to make incidental decrees against the parents in personam for payment of a monthly stipend in future support of their children. Ligon v. Ligon, 39 Tex. Civ. App. 392, 87 S. W. 838; Bond v. Bond, 41 Tex. Civ. App. 129, 90 S. W. 1128; Barry v. Barry, 131 S. W. 1142; Martin v. Martin, 148 S. W. 344. As clearly explained in Martin v. Martin, supra, the powers of a court in a divorce case before him are purely of statutory authority, and he may not go to the extent of exercising powers not conferred by law upon him, and an incidental decree against the parent in personam for payment of a monthly stipend in future support of his children is beyond the powers of the court to enter in a divorce case. It is to be understood that this form of order is, legally speaking, treated more in the nature of a direction to do than as a decree or judgment as such. These cases decide, we think, the question here. It is not thought that the case of Schultze v. Schultze, 66 S. W. 56, cited by defendant in error, furnishes authority for holding that the incidental decree involved here was not void and inoperative. The decisive ruling in that case was distinctly placed upon the ground that the death of the father of the child since the suit abated any action by Mrs. Schultze. The remark there concerning the conclusiveness of the incidental decree was dictum. The Supreme Court, on writ of error, approved merely the ruling in making disposition of the case in respect to Mrs. Schultze. Rilling v. Schultze, 95 Tex. 356, 67 S. W. 401.

It is concluded that the court in the instant case did not have the authority to enforce the incidental decree as far as awarding monthly stipend in future support of the children, as sought by the pleading, and the judgment appealed from is reversed; and the judgment is here rendered that the trial court should have rendered, dismissing the suit, with all costs against defendant in error. Whether the mother could or could not maintain a suit in common-law action against the father for the children's necessary support and education is not a question presented by the record, and we pass no opinion in that respect.

Reversed, and suit dismissed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

