**SMITH v. BLANTON et al.    (No. 1311.)**

(Court of Civil Appeals of Texas.   El Paso.
   March 23, 1922.   Rehearing Denied
                April 20, 1922.)

1. **Abatement and revival ⬳8(2), 9—Suit to set aside divorce decree held not ground for abatement of action to enforce agreement on which based.**

   A suit to set aside a divorce decree, which adopted an agreement by plaintiff to pay a certain sum annually to his divorced wife for the support of their minor children, is not ground for abatement of a suit by the divorced wife and children to enforce the agreement itself; neither the parties nor the cause of action being identical.

2. **Divorce ⬳323—Divorce does not relieve father of duty to support children.**

   A divorce does not relieve the father of his natural duty and common-law liability to support his children.

3. **Divorce ⬳297—Father's agreement to contribute annually to divorced wife for support of children held valid.**

   A father's agreement, on the eve of a divorce from his wife, to contribute a given sum annually to support their minor children until the youngest reached 14, is valid; such agreement adding nothing to the obligation already resting on him except to definitely fix the amount of his contributions and the time and duration of the payments.

4. **Divorce ⬳297—Minor children, whose custody was awarded to divorced wife, cannot enforce husband's agreement to contribute to their support.**

   In an action by a divorced wife and her children to enforce an agreement of the husband and father to contribute a given sum annually to the children's support, the court erred in rendering judgment for the children, their mother, as the one to whom their custody was confided and to whom defendant agreed to make the payment, being the only one entitled to judgment.

   On Motions for Rehearing and to Certify.

5. **Divorce ⬳297—Void judgment on stipulation for support of child constitutes no bar to further litigation on original cause of action.**

   If a divorce decree requiring the husband to pay a given sum annually to the wife for the support of their minor children, as theretofore agreed between them, be construed as a judgment in personam, and therefor void for want of authority to render it, the original cause of action on the agreement itself was not merged in the judgment, which therefore constitutes no bar to further litigation thereon.

   Appeal from Jones County Court; E. S. Cummings, Judge.

   Suit by Lottie L. Blanton and others against J. F. Smith. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

Baker & Weatherred, of Coleman, and Thos. J. Sanders, of Anson, for appellant.

Thomas & Pope, of Anson, for appellees.

### Statement of Case.

HIGGINS, J.   On the 23d day of January, 1917, there was pending in 'the district court of Jones county a suit for divorce by Lottie L. Smith against J. F. Smith, her husband, cause No. 3817.   Upon that date they entered into a written agreement signed by them and their respective attorneys, material portions of which are as follows:

"Lottie L. Smith v. J. F. Smith.

"Whereas, the plaintiff in the above suit has sued the defendant in the above suit for divorce for custody of the minor children and for partition of the community estate;

"And, whereas, there is a community estate valued at approximately $1,000.00, together with a separate estate belonging to the defendant, J. F. Smith:

"Now, therefore, for and in consideration of a settlement of the community estate, and a settlement of the separate estate of the defendant, and also in consideration of a settlement of the question of the custody of the minor children of the plaintiff and the defendant, whose names are as follows, to wit: Ruby Smith, a girl, 12 years of age; Henry Smith, a boy, 8 years of age; Bonnie Smith, a boy, 3 years of age; Deltha Smith, a girl, 1 year of age:

"It is therefore agreed by and between the plaintiff and the defendant, who are joined herein by their respective attorneys, that the defendant is to pay to the plaintiff five hundred dollars ($500.00) in complete settlement of all of interest in and' to all of the property that is now owned and possessed by both plaintiff and the defendant, except the following items, which are to go to the plaintiff: [Then follows description of items indicated and other matters not here pertinent.   Then follows agreement with reference to the children providing that Mrs. Smith should have custody thereof subject to certain limitations.]"

The agreement then provides further:

."In consideration of all of the above, it is agreed by the defendant, J. F. Smith, that he will pay to the plaintiff, for the support of said minor children, the sum of three hundred ($300.00) dollars annually, the first payment thereof to be made on or before the first day of January, 1918, and the subsequent payments thereof to be due and payable on or before the first day of January of each succeeding year thereafter, until the youngest child becomes fourteen (14) years of age.

"It is further agreed that said annual payments of ($300.00) each, shall not draw interest until after the maturity of each item thereof, after which it shall draw 10 per cent. interest, and if any one of said items of $300.00 shall remain due and unpaid for more than thirty days after it is due, and if the plaintiff shall have to place the same in the hands of an attorney for collection, and suit shall be required to collect the same, then an attor-

ney's fee of 10 per cent. of the principal and interest due on said item shall be collected as attorney's fees."

On the same date the district court of Jones county entered its decree granting to Mrs. Smith a divorce. The decree provides that the court found:

"And that plaintiff is entitled to have the custody of the said four minor children, as herein below provided, and the court finding that plaintiff and defendant, and their respective attorneys, have reached an agreement, both as to the custody of the children, and as to the division of the property and as to the support of said children, which agreement is filed herein, which the court finds to be equitable and fair and adopts as a part of this judgment, which agreement is as follows: [Then follows copy of the agreement aforesaid.]"

The decree then further provides:

"It is further ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between plaintiff, Lottie L. Smith, and defendant, J. F. Smith, be and the same are hereby annulled, and dissolved, and that the said plaintiff be and is hereby divorced from the said defendant, and that neither plaintiff nor defendant be permitted to marry any other person than each other within twelve months from this date, and that the agreement as to the custody of the said children above is the order and judgment of this court, and that the agreement as to the settlement of the property rights between plaintiff and defendant is the order and judgment of this court, and that the agreement of the amount and time of payment of the money to be paid by the defendant, J. F. Smith, for the support and maintenance of said children, is the judgment of this court, and plaintiff and defendant are hereby respectively enjoined by the court from interfering with each other's rights granted herein by said agreement.

"It is further ordered by the court that said plaintiff pay all the costs herein by her incurred, and that the defendant pay all costs herein by him incurred as per agreement, for which each may have his or her respective execution.

"It is further ordered that execution may issue in favor of the officers of the court against each party respectively for all cost by him or her in this behalf incurred."

Subsequent to the divorce, Mrs. Smith married Ocie Blanton. On May 18, 1920, J. F. Smith filed suit in the district court of Jones county against Mrs. Blanton and her husband; said cause being numbered 4159. By first amended petition filed in said cause on January 12, 1921, he set up that on January 23, 1917, in cause No. 3817, he and Mrs. Blanton were legally divorced and judgment was rendered awarding the custody of the minor children to Mrs. Smith, and that the judgment required him to pay to Mrs. Blanton the sum of $300 annually for the support and maintenance of their children until the youngest should become 14 years old; that subsequent to the entry of said decree his

former wife had married Ocie Blanton, and that said Blanton, since such marriage, has had the custody and control of said children; that said Ocie Blanton was an unfit and improper person to have the custody of said children and that the said Lottie Blanton was not now a proper person to have their care and control; that he had theretofore paid to the said Lottie L. Blanton the $300 per year as provided in the judgment for the support of said children, but, instead of using the money for that purpose, Mr. and Mrs. Blanton were using it for their own support and of their own child and of two minor children by his former wife, and that the said Blantons wholly failed and refused to provide for the wants and the necessities of plaintiff's children, failed to keep them in school, and cared nothing for them; that that part of the judgment requiring Smith to pay his divorced wife "the sum of $300 per year for the support of his minor children was and is wholly unauthorized by law, and is null and void, as it requires this plaintiff to pay to defendant, Lottie Blanton, permanent and continuing alimony, for the support of the children of plaintiff and defendant, contrary to law wherefore the same should be set aside and for naught held." Facts are then alleged to show that it was to the best interests of the children that they be now committed to the care of him, the said J. F. Smith, and it was averred that the judgment awarding the care and custody to the mother and requiring the payment of said annual sum should be set aside. The petition in said suit in the district court concludes with this prayer:

"Wherefore, premises considered, plaintiff prays, defendant having been already cited herein, that on hearing hereof the judgment aforesaid, in so far as it gives to Lottie L. Smith the care and custody of said children, and requires this plaintiff to pay to said Lottie L. Smith any sum of money, be set aside, canceled, and for naught held, and that this court decree to plaintiff the sole care and custody of said children and require defendants to deliver said children to him, and for costs, and for general relief."

In said suit so pending in the district court, Mr. and Mrs. Blanton filed an answer on January 12, 1921, consisting of exceptions and general denial and a special plea that the said J. F. Smith was not mentally and physically sound and suitable to be intrusted with the care and control of the said children.

On the 7th day of February, 1921, the present suit was filed in the county court of Jones county, against said J. F. Smith by Lottie L. Blanton, joined pro forma by her husband, Ocie Blanton, and by the minors Ruby, Henry, Bonnie, and Deltha Smith, suing by Lottie L. Blanton, as their next friend. In the petition it was alleged that on January 23, 1917, Lottie L. Blanton, then Lottie Smith, and J. F. Smith, entered into an

agreement in writing which was filed in cause No. 3817 in the district court of Jones county, "wherein the defendant, J. F. Smith, in consideration of the settlement of the property rights between him and plaintiff, and in consideration of the divided custody of the said four minor plaintiffs, belonging jointly to defendant and plaintiff, Lottie L. Blanton, who here on that date divorced defendant, J. F. Smith, promised to pay plaintiff (Lottie L. Blanton) $300 annually, the first payment thereof to be made on or before the 1st day of January, 1918, and the subsequent payments thereof to be due and payable on or before the 1st day of January each succeeding year thereafter until the youngest child shall become 14 years of age."

The provisions of the contract with reference to interest and attorney's fees was then set up, and it was further averred that Mrs. Blanton now has the care and custody of the four minors, and that she has been feeding, clothing, and schooling them, and that the money sued for was for the education and support of the minors, and that she had no other means of educating and supporting them. It was averred that the defendant had refused to pay the $300 due January 1, 1921, and that the youngest child had not yet become of age, and judgment was sought upon said agreement for the principal sum of $300, with interest and attorney's fees as in the agreement provided.

The defendant, J. F. Smith, answered by a plea in abatement setting up the pendency of the suit theretofore filed by him in the district court of Jones county on May 18, 1920. The plea in abatement set up in hæc verba the first amended petition and the answer filed in said suit No. 4159, pending in the district court, and it was asked that the present suit be abated because of the pendency of said former suit and subject to the plea in abatement. Smith filed an answer consisting of exceptions to the petition herein and a general denial and a special plea setting up the judgment entered in the divorce suit and averring that the written agreement declared upon in the plaintiff's petition was merged and embraced in the judgment rendered in the divorce proceedings, whereby the written agreement was rendered inoperative and ineffective and thereby became a nullity, and that the judgment of the district court has never been set aside or annulled. A general exception to the plea in abatement was sustained, and the case proceeded to trial upon its merits. Upon the trial, which was without a jury, the plaintiffs offered in evidence the judgment rendered in the district court in the divorce proceeding. The written agreement between Smith and his then wife was also offered. Testimony of Mrs. Blanton was offered, and it was shown by her that the $300 agreed to be paid on January 1, 1921, remained unpaid, and that the youngest child

of herself by J. F. Smith had not yet reached the age of 14. The defendant offered no evidence. Judgment was rendered in favor of Mrs. Blanton, Ruby, Henry, Bonnie, and Deltha Smith, against J. F. Smith, for the amount sued for, and the defendant prosecutes this appeal.

The trial court made no findings of fact or conclusions of law.

There are only two questions presented by this appeal. They are thus stated by the appellant in his written argument on file herein, as follows:

First. The alleged error of the court in "sustaining the appellee's general demurrer to the appellant's plea in abatement setting up and showing that this identical cause of action which was tried by the county court of Jones county, Tex., involving the same parties to this transaction had long prior to the filing of the suit by appellees in the county court been filed by the appellant in the district court of Jones county, Tex., seeking to have the judgment which was formerly rendered in a divorce proceeding in said district court set aside in so far as it attempted to make the appellant pay annual payments in the sum of $300 until the youngest child became 14 years of age, and asking in addition that the custody of the children be awarded to him.

"The second proposition complained of by appellant in this appeal is to the action of the county court in holding that the judgment in the district court in the divorce proceeding between said parties several years ago was valid and entering the judgment in the county court for the $300 sued on therein, in which this appellant contends that that portion of said judgment rendered in the district court requiring him to pay said $300 after the divorce was granted, and until the youngest child became 14 years of age, was null and void."

## Opinion.

[1] From the statement made it will be noted that the suit pending in the district court was by Smith against Mr. and Mrs. Blanton and was to set aside that portion of the decree in the divorce case which awarded to Mrs. Blanton the custody of the children and that portion which adopted as the judgment of the court the agreement by Smith to pay annually to Mrs. Blanton the sum of $300 for the support and maintenance of the minor children; whereas, in the present suit the minors join as parties plaintiff and the cause of action is in no wise predicated upon the decree in the divorce case, but is based upon the written agreement made by Smith to pay said sum of money annually. There is thus neither identity of parties nor of causes of action shown by the plea in abatement. A plea of former suit pending is unavailing unless such showing is made for which reason there was no error in sustaining the exception to the plea. Langham v. Thomason, 5 Tex. 127; Payne v. Benham, 16 Tex. 364; Cooper v. Mayfield, 94 Tex. 107, 58 S. W. 827; Pullman Co. v.

Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 315; Ry. Co. v. State (Tex. Civ. App.) 155 S. W. 561; Rieden v. Kothman (Tex. Civ. App.) 73 S. W. 425.

The fallacy of the appellant's second proposition is the false assumption that the present suit and judgment is based upon the decree rendered in the district court. This suit and the judgment is based upon the written agreement made by the appellant to pay $300 annually for the support and maintenance of his children. If, as contended by appellant, a part of the decree of the district court in the divorce suit is void under the well-settled rule of decision in this state to the effect that the district court is without authority in a divorce proceeding to enter judgment-in personam requiring the husband to make future payments for the support of minor children, whose custody is awarded to the mother, then the agreement made by Smith was never completely and effectually merged in the divorce decree, and if it is a valid agreement suit could be maintained upon it.

[2] The appellant, in his brief, has not attacked the validity of that agreement, and we see no reason why it should not be upheld upon the facts reflected by this record. A divorce does not relieve the father of his natural duty and common-law liability to support and maintain his children. Bond v. Bond, 41 Tex. Civ. App. 129, 90 S. W. 1128.

[3] And certainly it is competent for one to formally bind himself to perform an obligation which the law has already imposed upon him. The agreement made by Smith relative to the support of his children added nothing to the obligation already resting upon him except to definitely fix the amount which he should contribute annually for that purpose, the time of payment, and the length of time such payments should continue. We set no reason why Smith and his wife could not, upon the eve of their divorce, lawfully contract with reference to those matters. It may be that, where an agreement of this kind has been made by a divorced husband, conditions subsequently might become so changed that in equity he would be entitled to a modification and lightening of the burden assumed; but no such question is here even suggested.

[4] The judgment herein is in favor of Mrs. Blanton and the children. We are of the opinion that the judgment in favor of the children was improper. Mrs. Blanton is the one in whose favor the judgment should have been rendered, as she is the one to whom their custody is confided, who is supporting and educating them, and the one to whom appellant agreed to make the payment.

The judgment will be reformed as indicated and affirmed. Costs of the appeal are taxed against the appellant.

Reformed and affirmed.

## On Motions for Rehearing and to Certify.

[5] Appellant insists that the agreement upon his part to pay the sum of $300 annually to Mrs. Blanton for the support and maintenance of their children was merged in the decree rendered by the district court in the divorce proceedings, and that the ruling of this court that Mrs. Blanton can maintain the present suit upon such agreement is in conflict with the well-settled doctrine of merger to the effect that, when a cause of action has ripened into judgment, a subsequent suit between the same parties cannot be maintained upon the original cause of action.

This is not the effect of our ruling. The opinion is predicated upon the equally well-settled rule that a judgment void for want of authority to render same does not merge the original cause of action and constitutes no bar to further litigation upon the same cause of action. 23 Cyc. 1124, and cases there cited. If the decree in the divorce suit is to be construed as a judgment in personam against appellant for the payment annually of $300, based upon the agreement herein sued upon, then that portion of the judgment is void for want of authority to render same. Bond v. Bond 41 Tex. Civ. App. 129, 90 S. W. 1128; Ligon v. Ligon, 39 Tex. Civ. App. 392, 87 S. W. 838; Barry v. Barry (Tex. Civ. App.) 131 S. W. 1142; Martin v. Martin (Tex. Civ. App.) 148 S. W. 344; Gully v. Gully (Tex. Civ. App.) 173 S. W. 1178; Pape v. Pape, 13 Tex. Civ. App. 99, 35 S. W. 479.

And under the rule of law above indicated it did not operate as a merger of the agreement to make such payments, and a suit upon the original agreement can be maintained.

We think there is no occasion to certify any of the questions presented by this appeal.

The motions for rehearing and to certify are overruled.