### DANIEL v. DANIEL.

### No. 12328.

Court of Civil Appeals of Texas. Fort Worth.
May 17, 1930.

Rehearing Denied June 14, 1930.

802

**BUCK, J.**

This is a divorce case filed by Sarah Daniel against S. B. Daniel in the district court of Wichita county. Plaintiff sought to have set aside a judgment and decree of the court theretofore entered granting defendant a divorce. The allegations and proof as to the misconduct of defendant below were ample, and the judgment, in so far as the divorce is concerned, is fully supported. Plaintiff and defendant were married on June 19, 1920, and lived together up to a short time before this suit was filed, which was on May 10, 1929. The defendant had been given by his father and mother certain leasehold interests in oil and gas lands and had at the time of his marriage some $35,000 as his separate estate. Shortly after the marriage, he went into the business of buying notes at a discount, first with his brother and then continuing alone. Mrs. Daniel had no property at the time of the marriage.

The cause was tried before the court without the intervention of a jury. An auditor was appointed to trace all sources of income during the period of the marriage, whether from the separate estate of S. B. Daniel or from the community estate of the husband and wife. This report, duly verified, was adopted by the trial court. Article 2124, Rev. Civ. Statutes of 1914, now article 2292, which latter article includes other articles pertaining to the same matter, provides for the appointment of an auditor. In the instant case neither party excepted to the report of the auditor, and such auditor's report is conclusive as to the items not excepted to. Hill v. Dons (Tex. Civ. App.) 37 S. W. 638.

The court rendered judgment awarding to the defendant six pieces of real estate, consisting of five houses and lots in the city of Wichita Falls, and one-half interest in what is known as the Daniel Farm, near Burkburnett, Wichita county. He further adjudged that Mr. Daniel should have certain notes and chattel mortgages, a Lincoln automobile, a Buick automobile, all the furniture and fixtures situated in the office of S. B. Daniel, and all the furniture and fixtures and household goods situated in the home place of plaintiff and defendant. The court awarded to Mrs. Daniel all the jewelry then in her possession, a La Salle automobile, and required S. B. Daniel to pay all the debts then owing by the community estate. The court concluded that the community estate, as finally termed, was valued at $110,000, and he gave Mrs. Daniel $55,000 of this and decreed a lien on all the property of defendant to secure plaintiff for the amount awarded her. The debts that the court decreed should be paid by the defendant consisted of $1,000 to the Security National Bank, $1,700 to the General Motors Acceptance Corporation, etc.

Phillips & Phillips, of Dallas, and Harris & Martin and Bullington, Boone, Humphrey & King, all of Wichita Falls, for appellant.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellee.

The court filed his findings of fact and conclusions of law, which are as follows:

## "Findings of Fact.

"1. The court finds that Sarah C. Daniel has been a bona fide inhabitant of the State of Texas and a resident citizen of Wichita County, Texas, for more than one year next preceding the filing of the petition in this case.

"2. The court further finds that the defendant, S. B. Daniel, fraudulently obtained a divorce on the 7th day of June, 1927, in this court in cause number 19810–B against Sarah C. Daniel, in which judgment and decree of divorce was included findings by this court as to the property rights and a partition of same which were based upon a contract of settlement, which the court now finds to have been inequitable and unjust and unfair as to the said Sarah C. Daniel.

"3. The court finds that the facts show that the parties hereto, Sarah C. Daniel, and S. B. Daniel, were legally married on June 19, 1920, and have been husband and wife since said time.

"4. The court further finds that the said S. B. Daniel has been guilty of adulterous conduct and that the allegations of the plaintiff in her petition for divorce in this cause are substantially true, and that the plaintiff, Sarah C. Daniel has been without fault on her part and she has performed all the marital obligations, and that such facts are sufficient to show that said judgment heretofore entered on the 7th day of June, 1927, should be set aside and the contract of settlement heretofore made between said parties should be set aside, and said facts also entitle plaintiff, Sarah C. Daniel, to a divorce in this cause.

"5. The court further finds that the plaintiff, Sarah C. Daniel, has employed attorneys, Weeks, Morrow & Hankerson, to represent her in procuring a divorce and that it has been necessary to employ such attorneys, and their services are reasonably worth the sum of $5000.00 and that defendant, S. B. Daniel, should be required to pay said sum.

"6. The court finds that, counting the moneys and properties which the defendant, S. B. Daniel, had on hand prior to the marriage, together with the moneys that he has derived from the 900 acres of land described in the pleadings in this case, and the moneys derived from the New Mexico notes, the defendant S. B. Daniel has accumulated a separate estate amounting to the sum of $278,581.38; that with this money the defendant S. B. Daniel engaged in the loan and brokerage business, maintaining an office, a bookkeeper, and to which business he devoted his personal time, skill and ability, and in the course of said business the defendant made many hundreds of loans and bought notes at a discount, and in which business the said defendant S.

B. Daniel experienced no losses. Each transaction resulted in profit. The earnings from said business consisted of the discounts on notes purchased and the interest received.

"7. The court further finds that the defendant purchased at sheriff's sale a lease known as the Aggers lease, which sale occurred as the result of the foreclosure on notes held by defendant's father, S. M. Daniel. All defendant paid for the lease was the amount of the notes held by his father. The defendant operated the lease for about two years and realized a net profit of $17,927.48 above all costs and operating expenses, and in the course of operating said lease the defendant S. B. Daniel devoted his time, skill and ability.

"8. The court further finds that from the loan and brokerage business there was accumulated in net profits, made up of discounts and interest received, the sum of $159,022.34. This sum, together with the $17,927.48, constitutes all of the income since the marriage, and I find this amount, totalling $176,949.82, to be community income.

"9. The court further finds that the expenses of a personal nature and for the home throughout the marriage aggregated some $105,494.57, but finds that as the defendant, S. B. Daniel, had a considerable personal and separate estate during all this time, that a portion of such expenditures are properly chargeable to him, and I find it to be just and equitable to charge him with a portion of same, and to charge the balance to the community estate, and I charge a sufficient amount of such expenses against said community earnings of $176,949.82, so as to leave the sum of net profits or net income to said community of $110,000.00, and I find it to be just and equitable to give one-half of this sum to the plaintiff Sarah C. Daniel as her separate and individual property and for her support and maintenance in the future as I find that she is entirely without fault in the matter pertaining to said divorce and that she should have a sufficient sum to insure her support and maintenance, and I find that such sum of $55,000.00 will adequately care for and support the said plaintiff, Sarah C. Daniel, and I find it to be her just and equitable portion.

"10. I further find that the defendant S. B. Daniel has made certain investments and in making such investments, withdrawals were made from the bank account which was used by the defendant S. B. Daniel in the conduct of said loan and mortgage business, and at the date of the trial I find that the inventory of property in the possession of defendant is as follows:

"Cash on hand $327.00; residence, and being the homestead on Sturdevant Place which cost $33,310.12; a residence on Ardath Street which cost $5083.45; a residence on Polk

Street which cost $2974.39; a residence on Tilden Street which cost $5,207.73; a residence on Monroe Street which cost $12,500.00; furniture and fixtures in the home and the office and at the camp house at Lake Kemp, $15,525.83; the camp house at Lake Kemp which cost $1042.81; sporting goods and motor boat which cost $1793.34; the one-half interest belonging to the defendant and given to him by defendant's father in the 900 acres of land described in the pleadings.

"The court finds notes receivable as listed in the judgment amount to $212,880.89; also one Lincoln automobile and one Buick automobile in the possession of the defendant.

"11. The court finds it would be just and equitable to permit the plaintiff Sarah C. Daniel to keep as her separate property the La Salle automobile now in her possession.

"12. The court finds that since all of the above described property is in the possession of the defendant S. B. Daniel, except the La Salle automobile, the same should be awarded to him as his separate property, but there should be in this partition and distribution of properties, in order to provide for the payment of said sum of $5,000.00 attorney's fees and $55,000.00 payment in money to the said plaintiff Sarah C. Daniel, a charge or lien fixed against all of said properties, in the possession of said defendant for the payment of same.

"13. The court further finds that the outstanding indebtedness is as follows:

"$6500.00 note to the City National Bank of Wichita Falls, Texas; $1,000.00 note to the Security National Bank of Wichita Falls, Texas, and being a note given by the plaintiff Sarah C. Daniel as part of the purchase price for said La Salle automobile, all of which indebtedness shall be a charge and lien against the property in the hands of the defendant and shall be paid by him, and no part of same should be paid by the plaintiff.

"14. The court further finds that the defendant S. B. Daniel has had sole charge and management of all of the properties, both community and separate, and has made out or caused to be made out income tax settlements and has directed the plaintiff Sarah C. Daniel in the signing of some income tax returns and concerning which matters the said plaintiff Sarah C. Daniel was entirely ignorant and relied solely upon the information given her by the defendant S. B. Daniel, and in the event there should be any readjustment of taxes and any additional claims filed for taxes or penalties at any time, the court finds it to be just and equitable in this accounting between the plaintiff and the defendant that all of such tax liability should be treated in the same manner as the debts, now outstanding, and all of same should be paid by the defendant S. B. Daniel; and the plaintiff Sarah C. Daniel should not be held liable or responsible for any of said transactions or any of such liability, with the exception that any income derived by the said Sarah C. Daniel in the year 1929 or any future year or any separate property herein apportioned to her, she shall as to this income be solely liable for said tax.

"15. The court further finds it to be just and equitable that the plaintiff Sarah C. Daniel have the use of said homestead in accordance with the provision of the judgment herein rendered.

"16. I further find it to be just and equitable that the community estate of plaintiff and defendant should reimburse the separate estate of the defendant S. B. Daniel in accordance with the terms and provisions of the judgment herein rendered.

"Conclusions of Law.

"1. I conclude that the plaintiff should be granted a divorce on the ground of adultery; that fraud and unfairness vitiates the former divorce and property settlement sufficiently to require same to be set aside; that the 900 acres of land and all of the other properties described in said judgment are the separate property of the defendant S. B. Daniel having been acquired by gift from his father or with funds so acquired that by investing his separate funds in the loan and brokerage business he accumulated moneys in the form of interest and discounts, which earnings constituted acquisitions to the community; that the defendant S. B. Daniel in devoting his time, skill and ability to said business and said earnings having been acquired during the marriage, they became community property; that the community estate is primarily liable for expenses of a personal and household nature for the husband and wife and members of the family.

"2. I further find that under article 4638 of the Revised Statutes of the State of Texas it rests within the discretion of the trial court to make such a partition and distribution of personal property between husband and wife upon the granting of divorce as shall seem just and right, having due regard for the rights of the respective parties; and I find it to be just and right and equitable in this case that all of said properties be awarded to the defendant S. B. Daniel because of the fact that the earnings for the community were made possible by the use in said business of defendant's separate property, and that if the plaintiff and the defendant shared in equal portions the net amount of earnings to the community, after deducting a just amount of community expenses, such a division is under the circumstances just, fair and equitable.

"3. The court may also take into consideration the nature of the property and award to the wife that which is most suitable and easy to manage, considering her experience

and qualifications. I therefore conclude that it would be best to award the properties to the defendant S. B. Daniel as he is better qualified to manage same, and to give the plaintiff her portion in cash.

. "4. I therefore find that the plaintiff should have the sum of $55,000.00 in cash and $5,000.-00 in attorney's fees and the La Salle automobile, and the defendant, being entirely at fault, and the plaintiff, being free from fault, I find this partition and division to be just and equitable as to both of said parties, and further find that all costs should be charged against the defendant S. B. Daniel, including the expenses and costs of the auditor, and that the judgment should be in accordance with these findings and conclusions."

Since neither appellant nor appellee has filed any exceptions to the report of the auditor, each one of them is now precluded from objecting to said report, or to any finding of the trial court based thereon.

Appellant's main complaint is that the trial court erred in his conclusions of law as to what constituted the separate estate of appellant and what constituted the community estate of appellant and appellee. Appellee has filed assignments of error on her cross-appeal, on the asserted ground that appellant by his own act, he being the manager and trustee of the community estate, commingled the property of the separate estate with that of the community estate, and that he was not able to show from what source the various items of property were brought, whether from the community estate or from the separate estate.

Article 4638, Rev. Civ. Statutes 1925, reads as follows:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

In the case of Trimble v. Trimble, 15 Tex. 18, a divorce was granted to the wife on the grounds of ill treatment and neglect, and she was awarded the custody of the four children. About two-thirds of the community property was adjudged to the plaintiff, the wife in the case, and the husband received about one-third of the community property. On appeal the husband complained of the unequal division, and in affirming the judgment of the lower court, the Supreme Court held:

"In granting a divorce the Court may make such a division, at least, of the community property, in reference to the condition of the parties, and the support and education of the children, as may be equitable and just. The Court, in the present case, appears to have made such division of

the community property, as to the Court seemed proper; and there being no statement of the evidence, in the record, we must suppose the Court exercised its powers rightly and upon sufficient grounds."

In Tiemann v. Tiemann, 34 Tex. 523, the court awarded to the wife, free of any use or claim of the husband, the homestead, which constituted the only community property, and divested the husband of all title thereto. The Supreme Court reformed the judgment of the lower court and gave her a life interest therein.

In Ligon v. Ligon, 39 Tex. Civ. App. 392, 87 S. W. 838, there was no community property except a cause of action against a railway company for personal injuries sustained by defendant, the husband. It was decreed that one half interest in said cause of action be set aside to the plaintiff in her own right and the other half interest to the defendant in his own right. The defendant on appeal under one assignment of error, complained of the action of the trial court in holding that this cause of action against the railway company was community. The Court of Civil Appeals affirmed the judgment of the trial court.

In Becker v. Becker, 299 S. W. 528, the El Paso Court of Civil Appeals gave the wife a one-half interest in the community estate and decreed that the husband should be liable for about $7,000 of the community debts, in lieu of allowance for the support and maintenance of the children and the $900 which was shown to be the separate estate of the wife.

For other cases showing the large discretion vested in the trial court in determining, in the interest of right and justice, what portion of the community estate and the husband's separate estate should be adjudged to the husband and what to the wife, see Saylor v. Saylor (Tex. Civ. App.) 20 S. W.(2d) 229; Moore v. Moore, 259 S. W. 322, by the Austin Court of Civil Appeals; Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21, by the Supreme Court. We conclude that the trial court did not exceed the large discretion vested in him in awarding $55,000 as the community interest of appellee, nor in refusing to award her any larger sum.

Appellee also urges that the court had no power to divest her of any title she had to the pieces of real estate awarded to appellant. The paper title to these properties was vested in appellant, as each piece of property was deeded to him. The auditor's report and the findings of the court showed that the real title to the property was vested in appellant. Therefore, there is no violation of the inhibition against divesting title to real estate shown.

The findings of fact by the trial court are hereby adopted, and all assignments of error are overruled.

On Appellant's Motion for Rehearing.

Appellant calls attention to a paragraph in our original opinion, to wit:

"Since neither appellant nor appellee has filed any exceptions to the report of the auditor, each one of them is now precluded from objecting to said report, or to any finding of the trial court based thereon."

■ He urges that he did not complain of the report of the auditor, but in fact asked below, and here asks, that judgment be rendered according to said report, giving appellee only one-half of the value of the community estate so found, to wit, one-half of $49,464.59. We do not think that the trial court was limited by the report in determining what part of the community estate appellee should receive. He is only limited by the statute, article 4638, Rev. Civ. Statutes, to "order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party." We are not prepared to say that the trial court did not exercise a due regard for the rights of each party in settling the property rights of the parties as he decreed in his judgment.

The motion for rehearing is overruled.

On Appellee's Motion for Rehearing.

Appellee insists in her motion for rehearing that the trial court should have held that the five pieces of real estate in the city of Wichita Falls were a part of the community estate, and that the notes were also a part. That appellee should have been awarded a one-half interest in these pieces of real estate and in the notes.

In Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21, 22, Judge Greenwood, speaking for the Supreme Court, said:

"After reviewing the decisions of other states construing similar statutes, which held that even the guilty husband was entitled, under certain circumstances, to maintenance out of the wife's separate property, this court held that, under facts showing that the husband had no property and was incapable of supporting himself, and that the wife acquired her property by gift from her husband, the provision made by the decree of the trial court for the husband's support was consistent with the statute and did not divest the wife of her title to the slaves."

The opinion further says:

"In Rice v. Rice, 21 Tex. 58, the trial court rendered a judgment of divorce, whereby the revenues to be derived from certain improvements on three lots were to be applied to the support of the minor children of the divorced parties. The lots belonged to the separate estate of the husband, while the improvements were adjudged by the trial court to belong to the community estate of the husband and wife. On appeal by the husband, complaining of the disposition made of the revenues to be derived from the improvements, it was held that the trial court was in error in framing its decree as though only the community property could be applied to the support of the minors, and the decree was reversed with directions to the trial court to adjudge that the use of the entire property, including the lots belonging to the husband's separate estate, be applied to the minors' education and support, with reservation of the fee to the husband. In the opinion Chief Justice Hemphill calls attention to the fact that, in decreeing the division authorized by the statute, the rights of each spouse, as well as of the children, are to be protected, and that it is an utterly mistaken view of the statute that the court could not use the separate property of either spouse, as well as community property, in making suitable provision for either spouse or for the children."

The present statute is essentially the same as the act of 1841, with the elimination of the provision relative to slaves, and with the correction of manifest typographical errors.

The opinion in Hedtke v. Hedtke says:

"Its language ought to be given the meaning uniformly ascribed to it by this court, and that is, that the court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair. Simons v. Simons, 23 Tex. 348; Rice v. Rice, 21 Tex. 68; Gulley v. Gulley, 111 Tex. 238, 231 S. W. 97, 15 A. L. R. 564."

After a careful review of the facts in the case, and a due consideration of appellee's motion for rehearing, we still conclude that the trial court cannot be held to have failed to exercise that due regard for the rights of both parties in the settlement of the property rights. We are of the opinion that appellee is in no position to complain of the amount of the estate awarded her, and especially as it was awarded in cash.

Appellee's motion for rehearing is overruled.