## BUSH v. NEWTON COUNTY.

(Court of Civil Appeals of Texas.  Feb. 25, 1911.)

HIGHWAYS (§ 94*)—ROAD SUPERINTENDENT—ABANDONMENT OF OFFICE—SALARY.

Plaintiff prior to his appointment as road superintendent informed the commissioners' court that the law creating the office was obnoxious to the people, and that, if appointed and the court found a way to relieve the people of the law, it would be satisfactory to him. Thereafter he was discharged by the court and turned over the tools he had been given to work with to the various commissioners, and never performed any service as road superintendent or offered to do so after his discharge, nor claimed any salary until after the expiration of the term for which he was appointed. Held that, while the agreement as to abolishing his office was not binding on him, his acts after his discharge constituted an abandonment of his office precluding the recovering of subsequent salary.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 94.*]

Appeal from Newton County Court; E. J. Newberry, Judge.

Action by H. C. Bush against Newton County. Judgment for defendant, and plaintiff appeals. Affirmed.

W. W. Blake, for appellant.

PLEASANTS, C. J.  This suit was brought by appellant against the appellee to recover the sum of $200 alleged to be due him as salary pertaining and incident to the office of superintendent of public roads and bridges of Newton county for the months of October, November, and December, 1908, and January, 1909, at the rate of $50 per month.

Plaintiff's petition alleges, in substance, that in March, 1908, he was appointed by the commissioners' court of Newton county, under a special act of the Thirtieth Legislature, superintendent of public roads and bridges of Newton county for a term ending in February, 1909, at an annual salary of $600 per year; that he duly qualified under said appointment and faithfully performed all of the duties of said office until the 5th day of October, 1908, when said commissioners' court abolished said office and refused to longer accept his services as such officer, or to pay him his salary. The answer of defendant contains, in addition to a general demurrer, several special exceptions and a general denial, a special plea attacking the law creating the office of superintendent of public roads and bridges for Newton county, on the ground that it was not passed in accordance with the requirements of the Constitution, and was therefore inoperative. Defendant further specially pleaded that plaintiff had abandoned his office and was therefore not entitled to recover the salary pertaining thereto, and that no claim for such salary had ever been presented to the commissioners' court of said county for allowance. The cause was tried without a

jury, and resulted in a judgment in favor of defendant. The trial judge, at the request of plaintiff, filed conclusions of fact and law. There is no statement of facts in the record, and no complaint is made of the findings of fact filed by the trial judge.

From these findings it appears that appellant was, as alleged in his petition, duly appointed to the office before named for a term ending at the regular meeting of the commissioners' court of Newton county in February, 1909, at a salary of $50 per month, and that he duly qualified as such officer and assumed the duties of said office. He continued to perform the duties of the office until the 5th day of October, 1908, at which time said commissioners' court made and entered the following order: "Ordered by the court that the tax collector of Newton county do not collect the tax commonly known as the "Vehicle Tax" assessed for the year 1908, under the provisions of H. B. No. 665. entitled, 'An act providing for a special road law for the counties of Newton, Jasper and Sabine,' that the office of road superintendent created or attempted to be created by said bill be considered from and after this date as null and void as to Newton county and that the county clerk do not issue script for the payment of said superintendent's salary, from and after this order."

The plaintiff testified that prior to his appointment, and while he was a candidate for the office, he told the commissioners' court that the law creating such office was very obnoxious to the people of Newton county and to himself, and that, if he should be appointed to the office and the court could thereafter find any way in which to relieve the people of said law, it would be perfectly satisfactory to him. He made the same statement to the court at the time he was appointed. During the term of the court at which the order above set out was made he told the county judge and several members of the court that if they saw fit and could in any way relieve the people of this burdensome law and discontinue his office to do so, and it would be satisfactory to him. He left town before the court took any action in the matter, but was informed later that he had been discharged by the court. He further testified that the tools given him to work with were willingly and without protest turned over to the various commissioners as they then were on the various roads, and that he made no objection to the court for his discharge; that he never performed any services for the county as road superintendent, or offered to do so, after his discharge, but delivered up the tools without any demand being made upon him for same to the various commissioners." No claim for the salary for which this suit was brought was made by appellant until after the expiration of the term for which he was appointed.

We think the trial court correctly held that upon these facts the appellant was not entitled to recover.

The agreement between appellant and the commissioners' court to annul the law by abolishing the office of superintendent of public roads and bridges for Newton county was not binding upon appellant, and, if he had repudiated the order of the court made in pursuance of such agreement and continued to perform or offered to perform the duties of said office, he would have been entitled to recover his salary. But when he acquiesced in said order, which was made with his knowledge and consent, and did not thereafter perform or offer to perform any of the duties of the office, but surrendered all of the property and rights pertaining thereto, he must be held to have abandoned the office. It is true he did not formally or expressly resign his office, but a resignation by implication, or, what is practically the same thing, a forfeiture of the office by abandonment, occurs when the incumbent so acts as to clearly indicate his intention to abandon his office. The testimony of appellant in this case, before set out, conclusively shows that he intended and did abandon his office after being informed of the order of the commissioners' court above quoted, and thereafter made no offer or attempt to perform any of the duties of the office during the remainder of his term. The nonuses and relinquishment of the office were total and complete, and such being the case appellant is not entitled to recover the salary pertaining to said office. Bernard v. Hoboken, 27 N. J. Law, 412; People v. Hartwell, 67 Cal. 11, 6 Pac. 873; Phillips v. Boston, 150 Mass. 491, 23 N. E. 202; Throop on Public Officers, p. 407 et seq.

From these conclusions it follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.