PHILLIPS v. PHILLIPS.  (No. 6199.)

(Court of Civil Appeals of Texas. Austin. April 9, 1920.)

1. **Divorce** ⨺82—**Pendency of wife's action in another county does not oust jurisdiction of husband's subsequent suit.**

The pendency of wife's divorce action in one county did not affect the jurisdiction of district court of other county in husband's divorce action, though wife filed plea of abatement in husband's action, where court's attention was not called thereto until after rendition of judgment.

2. **Divorce** ⨺82—**Pendency of prior suit does not affect jurisdiction of court of equal dignity in subsequent suit.**

The pendency of a prior suit between the same parties and involving the same subject-matter does not necessarily deprive another court of equal dignity and jurisdiction of the power to try a case, though commenced after the institution of a former suit, though comity requires court in subsequent action to sustain a plea in abatement presented before court has tried the case.

3. **Abatement and revival** ⨺86—**Filing plea of privilege, without calling court's attention thereto, does not require judgment to be set aside.**

The mere filing of plea of privilege, without calling the attention of a court to it until long after the case has been tried, does not require the court to set aside its judgment and dismiss the suit.

4. **Appeal and error** ⨺907(3)—**Plaintiff presumed to have proved petition, in absence of statement of facts.**

On appeal from judgment for plaintiff, the appellate court will presume, in the absence of a statement of facts, that plaintiff proved all the material allegations of petition.

5. **Abatement and revival** ⨺86—**Plea in abatement because of pendency of prior action held properly overruled.**

In husband's divorce action, where wife who had previously instituted divorce action in another county, differing from husband's action, in that it involved property rights and that the divorce was sought on different grounds, filed plea in abatement, but failed to call court's attention thereto until long after the judgment was rendered, and where there was nothing to indicate fraud, concealment, or deception on the part of the husband and his counsel in procuring divorce decree, or in connection with the plea in abatement, the court did not err in overruling the plea.

Appeal from District Court, McLennan County; H. M.·Richey, Judge.

---

Action by L. C. Phillips against Nannie Phillips. Judgment for plaintiff, and defendant appeals. Affirmed.

Hanson & Butler, of Tyler, and Johnston & Hughes, of Waco, for appellant.

Zeb McCormick, J. W. Taylor, Jr., and S. J. T. Smith, all of Waco, for appellee.

KEY, C. J. On the 2d day of December, 1918, Mrs. Nannie Phillips filed a petition in the district court of Smith county, Tex., against her husband, L. C. Phillips, in which petition she sought a judgment of divorce, and for a division of community property. On February 26, 1919, L. C. Smith filed a petition against his wife, Nannie Phillips, in the district court of McLennan county, Tex., wherein he sought to obtain a divorce, and asked for no other relief. Citation was issued in each case, but the one issued from the district court of McLennan county, in the suit last referred to, was served first. On April 12, 1919, Mrs. Phillips, the defendant in the McLennan county suit, filed in that cause a plea in abatement, based upon the fact that prior to the commencement of that suit she had instituted her divorce suit in the district court of Smith county. On April 15, 1919, the case in the district court of McLennan county was regularly reached, tried, and judgment rendered in favor of the plaintiff, dissolving the bonds of matrimony then existing between him and his wife, Nannie Phillips. At that trial the defendant did not appear, either in person or by attorney, and the plea in abatement heretofore referred to was not called to the attention of the court until long after the judgment was rendered, to wit, on the 9th day of May, 1919, upon which date the record shows that it was considered and overruled by the court. The record fails to show that any excuse was made for not presenting the plea in abatement at the time the case was called for trial. The defendant, Mrs. Nannie Phillips, has appealed, and presents but one assignment of error, which charges that the court erred in overruling the plea in abatement.

[1-3] Notwithstanding the pendency of the suit between the same parties in the district court of Smith county, we hold that the district court of McLennan county had jurisdiction to try the case, and the fact that appellant had filed with the clerk her plea in abatement did not deprive that court of jurisdiction. The pendency of a prior suit between the same parties and involving the same subject-matter does not necessarily deprive another court of equal dignity and jurisdiction of the power to try a case, though commenced after the institution of the former suit. For the purpose of maintaining orderly procedure, and that spirit of comity which should exist between tribunals of equal jurisdiction, when a suit has been commenced in one court and thereafter one of the litigants institutes a suit covering the same subject-matter in another court, the latter court ought to sustain a plea in abatement, when presented for consideration before the court has tried the case. But merely filing a plea of privilege, without calling the attention of the court to it until long after the case has been tried, does not require the court to set aside its judgment, and dismiss the suit. Lyons Bros. v. Corley, 135 S. W. 604. In fact, it might be very unjust to pursue that course.

[4] In the case at bar there is no statement of facts, and therefore we must assume that the plaintiff proved all the material allegations in his petition, and when the plea in abatement was thereafter considered the proof may not have sustained all the material allegations therein. In fact, the judge qualified the bill of exception, and, among other things, stated that the two cases were not entirely analogous; that they asked for the divorce upon different and distinct grounds; and that the Smith county suit involved property rights, while no such rights were involved in this case. The judge also found that there was nothing to indicate fraud, concealment, or deception on the part of the plaintiff or his counsel in procuring a decree for divorce, or in connection with the plea in abatement.

[5] Hence we conclude that the court did not err in overruling that plea, and therefore the judgment is affirmed.

Affirmed.