### SNEED v. SNEED.   (No. 7108.)

Court of Civil Appeals of Texas. Austin. May 4, 1927.

Rehearing Granted May 25, 1927.

**1. Judgment ⟨⊙⟩145(2)—To authorize setting aside default judgment, defendant must have meritorious defense and legal excuse for failure to appear.**

As essential to legal right to have default rendered in absence of party or counsel set aside, defendant must have legal excuse for failure to appear and defend, and a meritorious defense.

**2. Judgment ⟨⊙⟩160—Meritorious defense as element of right to set aside judgment was shown by motion supported by affidavit.**

As essential to defendant's right to have default set aside, motion showing that he had a meritorious defense, supported by his affidavit, was sufficient.

**3. Judgment ⟨⊙⟩163—Court cannot hear evidence to determine merits, but at most whether defendant seeking to set default aside can present prima facie defense.**

In motion to set aside default, where defendant showed that he had a meritorious defense, court cannot hear evidence to determine merits, but at most whether defendant can present a prima facie defense that would support verdict for him.

**4. Appeal and error ⟨⊙⟩957(2)—Judgment ⟨⊙⟩ 143(1)—Unless facts conclusively show legal excuse for failure to appear and defend, granting motion to vacate default is discretionary and not reviewable.**

Motion to set aside default judgment on ground that defendant had legal excuse for failure to appear and defend may be controverted, and, unless facts conclusively show a legal excuse, granting of motion is discretionary with trial judge and is not reviewable.

**5. Divorce ⟨⊙⟩161—Citation constituting notice that case would be called any time after appearance day, defendant held not to have substantial excuse for failure to defend at divorce trial.**

Husband had no legal excuse for failure to appear and defend divorce suit where citation served on him to appear at May term constituted notice that case would be called and disposed of on or at any time after appearance day.

**6. Abatement and revival ⟨⊙⟩80—Failure of defendant to present plea in abatement and request ruling thereon constituted waiver thereof.**

In wife's action of divorce, where husband mailed plea of abatement for filing in the case, failure of husband to present plea and request ruling thereon before case was tried on the merits constituted waiver of plea; fact that plea was lost not excusing his failure to be present and ask leave to file substituted plea.

**7. Appeal and error ⟨⊙⟩957(1)—In absence of showing that discretion was abused in refusal to set aside default, trial court's judgment is not reviewable.**

In absence of showing of abuse of discretion in refusal of trial court to set aside default judgment in divorce case, trial court's ruling thereon is not subject to review.

**8. Husband and wife ⟨⊙⟩229(1)—In absence of allegation that wife had paid or contracted to pay for support, she could not claim reimbursement from husband.**

In wife's action for divorce seeking personal judgment against husband for support, in absence of allegation that she had paid her father for support or contracted to pay him therefor, she could not claim reimbursement from husband.

**9. Divorce ⟨⊙⟩306—In divorce case, court cannot render personal judgment against either spouse for future support of child.**

In a divorce case, the court is not empowered to render a personal judgment against either spouse for future support of the child.

Error from District Court, Milam County; John Watson, Judge.

Action by Fabiola Sneed against R. E. Sneed. From a judgment for plaintiff by default and from an order overruling defendant's motion to set judgment aside, defendant brings error. Judgment reformed in part, and as reformed affirmed, reversed in part, and rendered for defendant.

---

Robertson & Robertson, of Goose Creek, and Henderson, Kidd & Henderson, of Cameron, for plaintiff in error.

W. A. Morrison, of Cameron, for defendant in error.

McCLENDON, C. J. This is a divorce case, and for convenience the parties will be referred to as Mr. and Mrs. Sneed. The marriage took place in Milam county, on December 10, 1916, and the spouses lived together until about July 10, 1924, when they permanently separated. At that time they were living in Temple and owned a small homestead, which was incumbered. Mr. Sneed went to Harris county, and Mrs. Sneed went to live with her father, in Milam county, taking with her the only child born of the marriage, a daughter then about 3 years old. On February 24, 1926, Robertson, Sneed's attorney, who resided in Harris county, addressed a letter to Mrs. Sneed, informing her that her husband had consulted him with a view of obtaining a divorce, and requested that she sign an inclosed waiver of service. On February 26, 1926, Mr. Sneed filed suit in Harris county, in which he only sought a divorce.

Mrs. Sneed delivered the above letter to her attorney, Morrison, of Cameron, who replied on March 4, 1926, stating that he could not advise Mrs. Sneed to accept service, as no copy of the petition was inclosed. "However," the letter proceeds, "Mrs. Sneed is not averse to Mr. Sneed's obtaining the divorce, provided a settlement of their affairs can be made before the divorce." A detailed statement of their property interest followed, showing that Mr. Sneed should pay his wife $750 exclusive of support of the child. A settlement on this basis, the judgment additionally to award Mrs. Sneed the custody of the child, was prepared. Robertson replied on March 10, 1926, disagreeing with Morrison's statement regarding the property rights, and making the counter proposition that Mrs. Sneed be awarded all the community property, in addition to which Mr. Sneed "will further agree to continue to contribute to the support of his child."

On March 16, 1926, Mrs. Sneed filed a divorce suit against Mr. Sneed in the district court of Milam county, in which, in addition to the prayer for divorce and the custody of their daughter, she also sought partition of the community property and recovery against Mr. Sneed for a doctor's bill of $58, for support of herself and daughter from the time of the separation to the termination of the suit, and for an allowance for the future support of the child. The grounds for divorce consisted of various acts of cruel treatment, including personal violence. The items of community property scheduled were the equity in the home of $750, household furniture aggregating $204, an automobile worth $400, and $2,000, the proceeds of insurance

which Mr. Sneed had taken with him at the time of the separation and diverted to his own use. The allegations with reference to the claim for support are as follows:

"Plaintiff further shows to the court that since the 1st day of February, 1925, the said defendant has wholly neglected to contribute to her and her child's support, and she has been compelled to depend upon her father for the support of herself and child, and that the reasonable cost and expense of the support and maintenance of plaintiff and said child is in the reasonable sum of $75 per month from and after said time above mentioned up until the time of the final determination of this suit."

Citation was served on Mr. Sneed to appear at the May term of the Milam county district court, and the judgment recites that it was in time for that term, which convened on May 3d. Robertson prepared a plea in abatement, setting up the pendency of the Harris county suit, and mailed it to the district clerk at Cameron, on April 26th, with a letter inquiring when the next term of court convened, and how long it remained in session. This letter the clerk returned with the following notation:

"Pleading received and filed 4/27/26. May term starts Monday and lasts May, June, July & Aug. then new term starts Sept., etc."

There was no other communication between Robertson and either the district judge, district clerk, or Morrison. In the meantime, on March 18th, Robertson applied for citation to Mrs. Sneed in the Harris county suit, and this was forwarded to the Milam county sheriff, who returned it to Robertson on April 12th, with the statement that Mrs. Sneed had gone before he could make the service. On April 27th alias citation was issued in the Harris county suit, which was served on Mrs. Sneed on May 4th. As soon as the plea in abatement was filed, Morrison withdrew it from the files and took it to his office, and it appears to have been lost. The appearance docket of the Milam county court was called on the morning of appearance day, May 4th, but, as stated by the judge, the divorce docket was never called, and cases on that docket were taken up at the request of either party. After the call of the appearance docket, Morrison requested this case to be taken up during the day, and the judge consented to hear it in the afternoon. This was done, and judgment was rendered for Mrs. Sneed, dissolving the bonds of matrimony, giving her the custody of the child, and awarding her the household furniture, automobile, equity in the homestead, a personal judgment against Mr. Sneed for $1,100, besides interest and costs, and $25 per month for the support and maintenance of the child beginning June 1, 1926, which sum Mr. Sneed was directed to pay over to the clerk each month, in default of which execution might

issue against him. The judgment recited that the total value of the community property was $3,197.80, consisting of household furniture and automobile $599, equity in the homestead $750, and cash appropriated by Mr. Sneed $1,848.80. The property thus awarded to Mrs. Sneed amounted in all to $1,349. It does not appear upon what the $1,100 personal judgment against Mr. Sneed was based. The judgment recited that, although the defendant "was duly cited in the manner and for the length of time required by law, and also duly appeared and filed an answer and motion to dismiss this cause, came not, and never presented his said answer."

Robertson had no actual knowledge or notice of the judgment other than that which the law would impute until a few days before June 22, 1926, when he discovered a certified copy of it among the papers in the Harris county suit. On that day he prepared a motion to set aside the judgment, in which he sought to excuse failure to be present on the ground that he relied upon being notified when the case would be taken up. Appellant set up in the motion a meritorious defense, in that he denied being guilty of the acts charged against him forming the basis of his wife's suit, and alleged acts of cruelty on her part, including physical violence which entitled him to a divorce; and, with reference to the property, he alleged that the equity in the home was worth $1,750, the automobile $1,400, the household furniture $1,500, and that of the amount of insurance he had collected he had expended all but about $400 in discharging community debts, which allegations, if true, would have entitled him to share in the property which had been decreed to Mrs. Sneed. This motion, which was verified by Mr. Sneed's affidavit, was later amended, and was heard and overruled on September 3d. The appeal is by Mr. Sneed from the judgment of May 4th and the order of September 3d overruling the motion.

[1] Two elements are essential to the legal right to have set aside a judgment, which has been rendered in the absence of a party or his counsel, namely, (1) legal excuse for failure to appear and defend; and (2) a meritorious defense. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195.

[2, 3] The latter was clearly shown by the motion, supported by appellant's affidavit. This was all that was necessary. Upon hearing of the motion, the court could not, except by agreement of the parties, hear testimony and determine the merits of the case. At most, upon issue properly joined, the court could hear evidence in order to determine whether defendant could present a prima facie defense that would support a jury verdict in his favor. Beyond this the verified allegations of the motion with reference to meritorious defense could not be controverted and were not open to inquiry, in so far as concerns action on the motion. Lawther Case, above.

[4] The rule is different with reference to the matter of excuse for failure to appear and defend. The motion may be controverted, and, unless the facts conclusively show a legal excuse, granting the motion becomes a matter of discretion with the trial judge which is not subject to review.

[5] The record shows a total absence of diligence, and presents no facts upon which to predicate a substantial excuse for failure to be present and defend at the trial. The citation constituted notice that the case could be called and disposed of on or at any time after appearance day. That is what the citation is for. It is not intimated that any one misled appellant or his attorney. The only communication appellant's attorney had with any one connected with the court or the case after the suit was filed and before the trial was the letter to the clerk asking when the court met and how long it would last, and the latter's reply, giving him correctly the information requested. The rule governing in these circumstances is elementary.

[6] Appellant's contention that the fact that he had filed a plea of another suit pending and that this plea had been lost entitled him to notice of the trial is without merit. It was the duty of appellant to present his plea and request a ruling thereon, before the case was called for trial on the merits. Failure to do so constituted a waiver of the plea. The fact that it had been lost did not excuse failure to be present and ask leave to file a substitute for the lost pleading. See Stevens v. Lee, 70 Tex. 279, 8 S. W. 40; McCoy v. Trust Co. (Tex. Civ. App.) 200 S. W. 1138; Phillips v. Phillips (Tex. Civ. App.) 223 S. W. 243.

The last case is on all fours with the case at bar, except that the plea had not been lost. We quote from the opinion written by the late Chief Justice Key, of this court:

"Notwithstanding the pendency of the suit between the same parties in the district court of Smith county, we hold that the district court of McLennan county had jurisdiction to try the case, and the fact that appellant had filed with the clerk her plea in abatement did not deprive that court of jurisdiction. The pendency of a prior suit between the same parties and involving the same subject-matter does not necessarily deprive another court of equal dignity and jurisdiction of the power to try a case, though commenced after the institution of the former suit. For the purpose of maintaining orderly procedure, and that spirit of comity which should exist between tribunals of equal jurisdiction, when a suit has been commenced in one court and thereafter one of the litigants institutes a suit covering the same subject-matter in another court, the latter court ought to sustain a plea in abatement, when presented for consideration before the court has tried the case. But merely filing a plea of privilege, without calling the attention of the court to it until

long after the case has been tried, does not require the court to set aside its judgment, and dismiss the suit. Lyons Bros. v. Corley [Tex. Civ. App.] 135 S. W. 604. In fact, it might be very unjust to pursue that course."

[7] There is a further contention that the record shows that, if the trial judge had been advised that there would be a contest in the case, he would not have heard it without notifying defendant or his counsel. The statement of the judge shows that his recollection was very indistinct as to exactly what information he had at the time of the trial. There is nothing in the record, however, to indicate that any statement or representation was made to him by appellee's counsel that was not in strict accordance with the facts. It appears probable from the judge's statement that he was familiar with the contents of the correspondence which had taken place between the attorneys for appellant and appellee, and understood that there was no contest as to the divorce other than that each party was claiming the right to the decree on the ground of cruel treatment of the other, but that he did understand that the contest mainly affected the property rights. We think it unnecessary to pursue this phase of the case to any great length. The record negatives any wrongful act whatever on the part of appellee or her counsel in procuring the judgment. It shows a total lack of diligence on the part of appellant and his counsel, and, while the court has a wide discretion in cases of divorce and might have set the trial for a later date and notified appellant's counsel, if his information had been different, the question thus presented is one with which the appellate courts have nothing to do. The trial judge had all the facts before him when he heard the motion, and it was in his discretion then to set aside the judgment if in his opinion an injustice had been done. There is nothing to show that this discretion was in any way abused, and, in the absence of such showing, it is not subject to review.

The only questions, therefore, that we can consider are those which raise errors of law in the rendition of the judgment.

[8] We have quoted above the allegations of the petition on which personal judgment was sought against appellant for support of his wife and child. These allegations are insufficient as a basis for a personal judgment. The gist of them is that appellee and her child have been supported by her father. There is no intimation that she paid or contracted to pay her father for this support, and, in the absence of such contract, there would be no liability on her part, and consequently there could be no claim for reimbursement.

The recitals of the judgment show that the total value of the community property was $3,197.80, of which appellant got $1,848.80,

and $1,349 was awarded to appellee. So far, therefore, as the partition is concerned, appellee was only entitled to recover $249.90. She did recover $1,100, or $850.10 more than she was entitled to in the division of the property. This sum finds no support in the petition other than to the extent of the $58 item, which, if deducted, would still leave the judgment excessive to the extent of $792.10.

Appellee has filed a motion showing that, since the appeal was taken, the holder of the vendor's lien note against the homestead filed suit in trespass to try title against Mr. and Mrs. Sneed in Milam county, and that this suit was transferred upon plea of Mr. Sneed to Bell county, and resulted in a judgment divesting both Mr. and Mrs. Sneed of their title to the property. It is contended that for this reason the question with reference to the equity in the homestead had become moot. If we concede this contention and eliminate the homestead, the total community assets based upon the other items in the judgment would be $2,447.80. Mrs. Sneed's share would be $1,223.90. Deducting therefrom the value of the personal property awarded her, $599, would leave $624.90, to which she would be entitled in so far as the community property was concerned; add to this the $58, making $682.90, and the judgment would still be excessive to the extent of $417.10.

[9] The judgment for future support of the child was also unwarranted. It is well settled in this state that in a divorce case the court has no power to render a personal judgment against either spouse for future support of the child. Defee v. Defee (Tex. Civ. App.) 51 S. W. 274; Ligon v. Ligon, 39 Tex. Civ. App. 392, 87 S. W. 838; Bond v. Bond, 41 Tex. Civ. App. 129, 90 S. W. 1128; Berry v. Berry (Tex. Civ. App.) 131 S. W. 1142; Martin v. Martin (Tex. Civ. App.) 148 S. W. 344; Gully v. Gully (Tex. Civ. App.) 173 S. W. 1178; Hughes v. Hughes (Tex. Civ. App.) 259 S. W. 180.

In view of the fact that the judgment is manifestly excessive and must therefore be reversed, we think it best to remand the case in so far as the property rights of the parties are concerned.

It is therefore ordered that the judgment of the trial court awarding to the appellee a divorce and the custody of her minor child be affirmed; that, with reference to the property rights of the parties and any monetary claims of either spouse against the other, the trial court's judgment is reversed, and the cause remanded for a new trial.

Affirmed in part, and in part reversed and remanded.

### On Motion for Rehearing.

Mrs. Sneed has filed a remittitur of the $1,100 personal judgment against Mr. Sneed and all the amounts in her favor for the fu-

ture support of her minor child, on condition that the trial court's judgment in other respects be affirmed. Mr. Sneed has filed an agreement to the affirmance of the trial court's judgment, eliminating the two items covered by Mrs. Sneed's remittitur.

It is accordingly ordered that the judgment heretofore rendered herein be set aside; that the trial court's judgment be reformed so as to award to Mrs. Sneed a divorce, the custody of her minor child, and the personal property set aside to her in the trial court's judgment, and all costs in the trial court. As so reformed, the trial court's judgment is affirmed. In other respects, the trial court's judgment is reversed, and judgment here rendered in favor of Mr. Sneed. The costs of appeal are taxed against Mrs. Sneed.

Motion by way of remittitur granted, and judgment reformed and affirmed.